# Ramsey *v.* Smith.

## *Action of Detinue.*

1. *Pleading and practice; material averments of plea must be proved.*—When a plea avers facts as defensive matter and issue is taken upon such plea, it is necessary, in order to sustain such plea, to prove all the material facts averred therein.

2. *Action of detinue; tender of issue upon pleas; general affirmative charge.*—In an action of detinue to recover the possession of two pianos, brought by the assignee of the contract of sale, whereby title was retained in the seller until the purchase price was paid, where one of the defenses set up by the defendant was by special plea, in which it was averred that the claims to the pianos were assigned to the plaintiff with a knowledge on the plaintiff's part that they were sold to the defendant for the purpose of enabling her to furnish a bawdy house, or that the property was sold to the defendant with a knowledge on the part of the plaintiff at the time of the sale that they were to be used for immoral purposes, and issue is joined upon these special pleas, if the evidence wholly fails to sustain either one of these averments, the plaintiff is entitled to the general affirmative charge in his favor.

2. *Evidence; character of house can not be proved by reputation.* The fact as to whether a house was a sporting house or not, can not be proved by evidence of the general reputation of the house.

4. *Same; cross examination.*—On the cross-examination of a plaintiff, where he has stated the amount due upon a contract, which is the bases if the suit, it is comptent to ask him to look at the contract and see if the amount due thereon was not different from that testified to by him.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was a statutory action of detinue, brought by the appellant, W. A. Ramsey, against Mollie V. Smith, to recover the possession of two pianos. The basis of the plaintiff's claim and the defense set up by the special pleas and the facts of the case are sufficiently shown in the opinion.

[Ramsey v. Smith.]

During the cross examination of the witness, John Overby, he testified that he was in the employ of Junger & Gass Company and made the sale of the pianos to the defendant, and after he had testified on cross examination that the defendant was running a sporting house at the time of the sale, but that he could not swear that she was running a house of prostitution, was asked the question: "Did you not say that was a sporting house?" The witness answered it had the reputation of being one. The plaintiff then moved to strike out this answer on the following grounds: "1. Because the character of the house can not be proven by reputation. 2. Because the answer was not responsive to the question." The court refused the motion, and to this ruling plaintiff duly excepted.

During the cross examination of the plaintiff as a witness and after he had testified that the defendant admitted that she had the pianos and agreed to pay the amount to be due as shown in the lease or contracts of sale, was $243.50, the witness was then asked by the defendant, for the purpose of refreshing his memory: "Look at these, (handing the witness the leases) and see if the amount due on both contracts was not only $220?" The question was objected to on the ground that it was irrelevant and immaterial. The objection was overruled, and to this ruling the plaintiff duly excepted.

The plaintiff requested the court to give to the jury the following charge: "If the jury believe the evidence, they must find for the plaintiff." The court refused to give this charge, and to this ruling the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

MITCHELL & TONSMEIRE, for appellant.—"The rule is that hearsay evidence (such as the evidence of reputation) is inadmissible, to establish any specific fact capable of direct proof by witnesses, speaking from their

own knowledge."—*Abel v. State,* 90 Ala. 633; *Wooster v. State,* 55 Ala. 221.

The pleas upon which issue was joined not being proved, the plaintiff was entitled to the general affirmative charge requested by him.—*Finch v. Mansfield,* 97 Ala. 92; *Graves v. Johnson,* 15 L. R. A. 838; *Adams v. Coulliard,* 102 Mass. 173.

JOHN R. TOMPKINS & CHAS. W. TOMPKINS, *contra.*— It is submitted that general reputation would be admissible "to show that the party sought to be charged on account of the fact had knowledge of its existence."—*L. & N. R. R. Co. v. Hall,* 87 Ala. 708; *Schlaff v. L. & N. R. R. Co.,* 100 Ala. 377.

"Facts irrelevant to the issue are admissible to test the memory of a witness or to show how or why he recollected other facts."—1 Greenleaf on Evidence, 108; *Bir. Elec. R. Co. v. Clay,* 108 Ala. 235.

DOWDELL, J.—The Junger & Gass Company, a corporation, sold to the defendant two pianos, one a Ludwig and the other a Harrington, on the installment plan, retaining the title in the seller. Some time after the sale, the Junger & Gass Company, for a valuable consideration transferred and assigned the contract to the plaintiff Ramsey. Subsequently, the defendant having made default in payment, under the stipulations in the contract reserving title to the property and right to possession, in case of default in payment, the plaintiff brought this suit in detinue for the pianos.

The defendant for answer to the complaint pleaded the general issue and five special pleas. No demurrer was interposed to either one of these pleas, and issue was taken on all of them.

In each and all of the special pleas the defendant set up illegality in the contract for the sale of the pianos, alleging in substance, that the pianos were sold to her by the Junger & Gass Company with knowledge that they were to be used by the defendant in fitting up and furnishing a house kept by her for purposes of prostitution. Each of said special pleas contained the further allegation, in substance, either that the claims of Junger

& Gass Company to the pianos were assigned to the plaintiff with the knowledge on the plaintiff's part, that the property was sold to the defendant for the purpose of enabling her to furnish a bawdy-house, or that the property was sold to the defendant with a knowledge on the part of the plaintiff, at the time of the sale, that they were to be used for an immoral purpose. These allegations were material, and issue having been taken on them, it was incumbent on the defendant in order to sustain the pleas to prove the same. The bill of exceptions purports to contain all the evidence had on the trial. The only evidence bearing on the question of plaintiff's knowledge as alleged in the pleas was substantially as follows and which we take from counsel's brief after comparing with the record, being a fair statement of same: The witness Overby testified that at the time of the transfer of the contract, he went over to see plaintiff about it, and that he told plaintiff at the time of the transfer where the pianos were located; that he told the plaintiff before he bought the "leases," who signed them, and also told him where the defendant lived, that the plaintiff went by the house himself. The plaintiff himself testified that the transfers were signed by Mr. Pollock, of the Junger & Gass Company; that he knew the defendant before he bought the pianos from the fact that he had loaned her some money; that he went to her house to take the application for the loan; that he knew what business she was in only from reputation; that he just heard it talked about; that he did not know of a fact that she was keeping a house of prostitution: that he did not know anything about her general reputation until the time he went there, and did not enquire into the business; that he knew when he got to the house that she was keeping a house of prostitution, but that he had never investigated it and did not know that she was keeping a house of prostitution at that time; that Mr. Pollock told him about the sale of the pianos and that defendant signed the contract; that he did not go to look at the pianos; that at the time of the transfers to him the Ludwig piano was in the defendant's dining room, and the Harrington piano was at the American

Theatre; that he knew where the pianos were when he bought them as represented by Junger & Gass Company; that he did not know that the Ludwig piano was bought for use in the house where he saw it, and did not know whether or not the piano was delivered to the defendant at that house; that he never knew of its being used for immoral purposes; that Junger & Gass did not tell him to what use the piano had been put; that at the time he bought the pianos Junger & Gass Company did not make any statement as to the purpose for which they were bought by the defendant; that he did not at any time have any personal knowledge of the fact that the defendant was conducting a house for the purpose of prostitution. The defendant testified that the plaintiff went to her house, she thinks, on October 8th, and examined the piano which was in her house, but whether before or after the transfer to him she did not know; that the plaintiff never had any conversation with her before the plaintiff bought the piano, in reference to the character of house—that is, defendant's house.

It is a well settled rule that when a plea avers facts as defensive matter upon which issue is taken, in order to sustain the plea, it is necessary to prove the facts averred. Under the averments in the special pleas, the defendant was required to show more than the fact, that the pianos were sold by the Junger & Gass Company, with a knowledge on the part of said company, that they were to be put to an unlawful use. These special pleas in their allegations, went further than this, and averred either that the claims to the pianos were assigned to the plaintiff with knowledge on plaintiff's part that the property was sold to the defendant for the purpose of enabling her to furnish a bawdy-house, or that the property was sold to the defendant with a knowledge on the part of the plaintiff at the time of the sale, that they were to be used for an immoral purpose. The first of the averments, which we have above set out in the alternative, involves an allegation of the intent with which the Junger & Gass Company sold the property to the defendant, and a knowledge on the part of plaintiff of such intent, and the second involves an allegation, that the plaintiff knew at the date of the sale of the pianos

by the Junger & Gass Company to the defendant, that the same were to be used for an immoral purpose. The evidence wholly fails to sustain either one of these averments. There is not the slightest evidence from which it could be reasonably inferred, that the plaintiff, at the time of the sale by the Junger & Gass Company to the defendant, had any knowledge whatever of the transaction. The first connection the plaintiff had with the matter, as shown by the evidence, was months after the date of the sale, and when the claims were assigned and transferred to him. It is equally true, that the evidence is wanting, that would authorize the conclusion that the plaintiff knew at the time of the assignment of the claims, that the Junger & Gass Company sold the pianos to the defendant for the purpose, or intent, to aid her in furnishing a bawdy-house. It may be said in this connection that mere notice of facts, insufficient in themselves to furnish knowledge of the principle fact, but, such as might be calculated to excite enquiry, which if diligently prosecuted would lead to knowledge, is not the equivalent of that knowledge averred in the pleas. The rule of law which makes notice the equivalent of knowledge is without application in the present case.

Our conclusion is, that the court erred in refusing the general charge as requested by the plaintiff; the only defense being that set up under the special pleas.

There are two other assignments of error relating to the ruling of the court on the admission of evidence. The witness Overby was asked the question: "Didn't you say that was a sporting house?" The answer of the witness was: "It had the reputation of being one." The plaintiff moved to exclude this answer as not being responsive to the question, and for the further reason, that the character of the house could not be proven by reputation. The answer was clearly not responsive to the question. As to the other ground of objection, it was said in *Abel v. State*, 90 Ala. 633: "The rule is that hearsay evidence (such as the evidence of reputation) is inadmissible, to establish any special fact capable of direct proof by witnessses, speaking from their own knowledge." In *Wooster v. State*, 55 Ala. 221, the ad-

mission of evidence of the general reputation of the house, was hed to be erroneous. The court should have excluded the answer on plaintiff's motion.

There is nothing in the other exceptions reserved to the ruling of the court on the evidence, and which is assigned as error. The question asked was upon cross-examination of the witness, and was within the latitude allowed upon a cross-examination in testing the recollection or sincerity of the witness.

For the errors indicated, the judgment must be reversed and the cause remanded.