·40 So.2d 425

## MORGAN v. STOKES.
### 4 Div. 529.

Supreme Court of Alabama.

April 21, 1949.

Rehearing Denied May 26, 1949.

Lawrence K. Andrews, of Union Springs, for appellant.

336

Grady G. Cleveland, Jr., of Eufaula, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer to the bill of complaint. The bill was brought by J. R. Stokes (appellee) against H. H. Morgan (appellant) to establish a statutory lien on a house and lot for work and labor done and materials furnished in the construction of a house on the lot. H. H. Morgan is alleged to be the owner of a certain lot or parcel of land situated in the City of Union Springs, Alabama and more particularly described as follows:

"That certain house and lot on the North side of the Tuskegee-Union Springs Highway owned by H. H. Morgan and being in the city limits of Union Springs, Alabama, and being the same property on which H. H. Morgan recently constructed a dwelling."

The allegations of the bill show that the foregoing description is the description employed in the lien claim which was filed in the probate court prior to institution of this suit. The only question presented on this appeal is the sufficiency of the description used in the lien claim and alleged in the bill.

 Under the provisions of § 41, Title 33, Code of 1940, the lien claim filed in the probate court must contain a "description of the property on which the lien is claimed in such a manner that same may be located· or identified." We have said that "it is sufficient, if the description points out the premises, so that, by apply-

ing it, the land can be identified." Fowler v. Mackentepe, 233 Ala. 458, 172 So. 266, 268. Assuming without deciding that the court can judicially know that the Union Springs-Tuskegee Highway runs North and South and not East and West (see 20 Am.Jur. p. 78; 31 C.J.S., Evidence, § 33, p. 585; Cole et al. v. Gullatt, Judge, 241 Ala. 669, 4 So.2d 412), and therefore that there can be no house and lot on the North side of the highway, since there is no North side, yet the description can be cured if there is a sufficiency in the subsequent part of the description. 57 C.J.S. Mechanics' Liens § 161, p. 685. We think it is obvious, however, that the subsequent part of the description is not within itself sufficient since for aught that appears H. H. Morgan may have recently constructed more than one dwelling on the Tuskegee-Union Springs Highway in the city limits of Union Springs, Alabama. Accordingly the demurrer to the bill as now framed should have been sustained.

 We quite agree that if H. H. Morgan has recently constructed but one dwelling on the Tuskegee-Union Springs Highway in the City of Union Springs, Alabama, then the application of the given description to the subject matter intended is freed from uncertainty. But in that event the bill should so allege. Minge v. Green, 176 Ala. 343, 58 So. 381; Nolen v. Henry, 190 Ala. 540, 67 So. 500, Ann.Cas.1917B, 792; O'Neal v. Seixas, 85 Ala. 80, 4 So. 745; East v. Karter, 215 Ala. 375, 110 So. 610; Karter v. East, 220 Ala. 511, 125 So. 655. The bill should contain allegations sufficient to identify the property so that on demurrer or decree pro confesso "the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed." McDonald v. Mobile Life Insurance Company, 56 Ala. 468. In conclusion we add that since the description contained in the lien claim may be so applied as to identify the property under the circumstances stated, this is sufficient to show the notice contemplated by the statute. Fowler v. Mackentepe, supra; Nolen v. Henry, supra.

Reversed and remanded.

FOSTER, LAWSON and SIMPSON, JJ., concur.