42 So.2d 589

### EVANS v. EVANS.

### 8 Div. 500.

Supreme Court of Alabama.

Oct. 20, 1949.

Douglas C. Martinson, of Huntsville, for appellant.

Bradshaw & Barnett and Elbert B. Haltom, of Florence, for appellee.

BROWN, Justice.

This appeal is from the final decree granting appellee relief on her bill in the nature of a bill of review seeking to vacate and annul a decree of divorce obtained against her on grounds of fraud. The present bill alleges that the respondent in his bill of complaint alleged that complainant "did voluntarily abandon the bed and board of complainant (respondent here) and said abandonment has been voluntary and continuous from the date hereof (date of filing bill of complaint)."

"Complainant alleges that she has in her possession letters which conclusively show that the respondent at the time he filed the bill of complaint and at all times has known the whereabouts of your complainant and his above named children. That your complainant has information and belief upon which information and belief she alleges that the respondent in his bill of complaint cause George McBurney, an attorney in Florence, Alabama, who represented him in said cause to make affidavit that your complainant was a non-resident of the State of Alabama and that her place of residence was unknown and that it could not be ascertained after reasonable effort. And your complainant alleges that the statement of the respondent to the Court and to attorney George McBurney that he did not know the place of residence of your complainant, and that your complainant had voluntarily abandoned his bed and board, is absolutely false and was made for the premeditated purpose of committing a fraud upon this court.

"Your complainant alleges that, upon faith of said fraudulent representations and false and fraudulent evidence, this Court, on the 24th of January, 1947, rendered a decree purporting to divorce William C. Evans from Ocie L. Evans."

The bill does not allege that complainant had a good and valid defense to said bill and was prevented from making her defense against the charges in said bill by the alleged fraud of said respondent unmixed with negligence or fault on her part.

The defendant demurred to the bill on grounds among others that, "The bill of complaint fails to allege or aver that the complainant was free from fault or negligent in suffering the decree to be entered. The bill of complaint fails to allege or aver that the complainant had no knowledge or intimation that said bill of divorce had been filed against her."

The circuit court overruled the demurrer and that ruling is made the basis of one of the assignments of error on this appeal.

In Headley v. O. R. & J. M. Bell, 84 Ala. 346, 347, 4 So. 391, 392 it was observed: "* * * A bill such as this, to be sufficient, must not rest on the simple averments that there was a valid defense, of which defendant had no knowledge until after judgment. Suitors must be diligent; and, to make a case for relief, it must appear in the averred facts that the complainant was prevented from making his defense by fraud, accident, or the act of the opposite party, unmixed with fault or neglect on his part. French v. Garner, 7 Port. 549. * * *"

The same principle was stated in Evans v. Wilhite et al., 167 Ala. 587, 591, 52 So. 845, 847: "And it is true that a party who seeks relief in a court of equity, against a judgment obtained in a court of law against him by fraud, accident, etc., must show that he was without fault or neglect in the matter, and that he was ignorant of the fraud not only at the time the judgment was rendered but also during all the time allowed him for a new trial, or that he was prevented from making his motion for a new trial by accident, fraud, etc., unmixed with negligence on his part. * * *"

This principle is applicable to bills in the nature of bills of review seeking to vacate fraudulent divorce decrees.—Hooke

v. Hooke, 247 Ala. 450, 25 So.2d 33; 13 Alabama Digest, Judgment, ⌖ § 436, page 113, Negligence of Party.

It has long been settled that, "Bills in chancery must set forth, not the evidence, but every material averment of fact necessary to complainant's right of recovery. So complete must be the averments of fact, that on demurrer, or decree pro·confesso, the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed. Relief can only be granted on allegations and proof; and the latter will never be allowed to supply omissions or defects in the former. Allegations, admitted or proved, are the only premises which will uphold a chancery decree. * * *." McDonald v. Mobile Life Ins. Co., 56 Ala. 468, 470. This principle has been repeatedly reaffirmed in our decisions down to the present day. Birmingham Gas Co. v. City of Bessemer, 250 Ala. 137, 33 So.2d 475; Brue v. Vaughn, 241 Ala. 322, 2 So.2d 396.

We are of opinion that the ·court erred in overruling the defendant's demurrer to the bill and that this ruling constituted reversible error.

Reversed and remanded.

FOSTER, LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.