43 So.2d 816

**Ex parte GILBERT.**

6 Div. 964.

Supreme Court of Alabama.

Jan. 19, 1950.

S. P. Keith, Jr., Birmingham, for petitioner.

Gordon Abele, Birmingham, for respondent.

BROWN, Justice.

This is an original application for the issuance of the writ of mandamus to the Hon. George Lewis Bailes, Judge of the Circuit Court of Jefferson County, sitting in Equity, commanding him to vacate an alleged order of the court modifying a former decree of the court granting to petitioner a divorce *a vinculo matrimonii* from his former wife Hazel Louise Gilbert on the ground of adultery, and committing the custody of their only child Larry Neil Gilbert, seven years of age, to the custody of the petitioner. More than thirty days had elapsed before said last order was applied for.

The petition avers that said Hazel Louise Gilbert "on to-wit July 2, 1949" filed her petition in the Circuit Court, in Equity, in words and figures as follows: "Comes the respondent in the above cause and shows unto your honor the following facts as the basis for the relief hereinafter prayed: 1. Pursuant to decrees of this honorable court, the care, custody and control of Larry Neil Gilbert the child of the parties is vested in the father, Maxwell Gilbert *with the right of visitation in the mother,* your petitioner. 2. That for the past several months your petitioner has been deprived by the complainant of this right and privilege. That your petitioner has made repeated efforts herself and by and through her solicitor to perfect an agreement with complainant respecting reasonable visitation of said child to no avail. Premises considered, your petitioner respectfully moves this honorable court to modify said decree by entering such order as to your honor seems just all to the end that your petitioner be permitted at specific intervals for a definite period to enjoy the society of her son, said Larry Neil Gilbert."

That petitioner demurred to said petition of the said Hazel Louise Gilbert on the following grounds:

"3. For aught appearing there are no change of conditions of said parties. 4. The allegations are mere conclusions of the pleader. 5. Respondent has failed to make sufficient allegations warranting relief prayed for. 6. Allegations are insufficient to warrant a modification of prior decree. 7. For aught appearing there are no change of circumstances since said prior decree. 8. For that there are no allegations of change of circumstances since said decree. 9. For that there are no substantial reasons alleged for modification."

That said cause coming on to be heard, was submitted on the demurrer, and the court entered the following decree thereon.

"This cause coming on to be heard was submitted for decree on the demurrer of complainant to the petition of respondent:

"And upon consideration it is held that the said demurrer is well taken. It is therefore Ordered, Adjudged and Decreed by the Court, that said demurrer be and the same is hereby sustained. *All the evidence offered by both complainant and respondent was heard and considered and an order of modification was made as hereinafter appears.*

"Done and Ordered this the 20 day of August, 1949.

"(s) George Lewis Bailes
"Circuit Judge, in Equity Sitting."

The petitioner further avers: "However, in spite of said ruling, the Honorable George Lewis Bailes stated in open court that he was going to modify said previous order of his court and allow the said Larry Neil Gilbert to visit with his mother, Hazel Louise Gilbert, each two weeks during school months from a certain hour on Friday to the same hour on Saturday; whereupon, there being no further pleadings, the Honorable George Lewis Bailes over petitioner's strenuous objections entered the following decree of modification;

said decree being in words and figures as follows:

"This cause coming to be heard was submitted upon the respondent's motion to modification; the final decree hereinto rendered in this cause upon consideration of said motion and the testimony advised in support thereof, the court is of the opinion that the following decree should be rendered.

"It is therefore ordered, adjudged and decreed that the minor child of the parties be allowed to visit the respondent, the mother, each two weeks during school months from a certain hour on Friday to the same hour on Saturday, and court costs accrued herein will herein be added against the respondent, for which let execution issue.

"Done and ordered this the 22nd of August, 1949.

"(s) George Lewis Bailes, Judge."

The respondent Judge waived the issuance of *rule nisi,* demurred to and answered the petition.

The demurrer takes the point, in short, there is no prescribed method of pleading "when the care and custody of a child which has become the ward of the court is to be determined," and the court has inherent jurisdiction to determine questions relating to the custody of minor children without pleadings or issues.

The answer in effect admits the averments of the petition. Its averments are not inconsistent with facts alleged here and they are not denied.

■■ The contention of the respondent in the answer is the same as stated in the demurrer to the petition—that formal pleading in a court of equity is not essential to the court's jurisdiction where the custody of a minor child is concerned.

That is not the law. It is settled that formal pleadings in courts of equity as well as in courts of law are essential to invoke the court's jurisdiction, and are essential to the due administration of justice by the formation of the issues of law and fact, and cannot be ignored or abolished. By the pleadings in the case issues are pre-sented with certainty to a common intent for the protection of the parties against repeated trials of the same issues. By them the finality of the election of remedies is made certain, and other conserving principles are assured, including a trial of such issues according to the course of the common law, and due process under the constitution. Ex parte Wilkey, 233 Ala. 375, 172 So. 111; Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 So. 804; McDonald v. Mobile Life Ins. Co., 56 Ala. 468; State v. Bush, 12 Ala.App. 309, 68 So. 492.

The question presented is not who shall have the custody of a minor child already fixed by a valid decree of the court, nor whether the decree may not be clarified on appropriate application to the court. But the question relates to the integrity of that decree, whether it can be altered without due and appropriate pleadings and proof.

■ When the circuit court sustained the petitioner's demurrer to the petition filed by the former wife, this was in legal effect a holding by the court that she was not entitled to a modification or a clarification of the final decree, over which the plenary jurisdiction and power of the court ended at the expiration of thirty days from its rendition.

In the absence of further pleading, by amendment or otherwise, the court had exhausted its jurisdiction, leaving nothing to be done except to dismiss the petition and tax the costs. Dudley v. Whatley, 245 Ala. 202, 16 So.2d 192.

The informal conference between the parties and the presiding judge, and the subsequent order was *coram non judice* and void. Ex parte Wilkey, supra.

The peremptory writ of mandamus will issue unless the respondent after being advised of this opinion is content to expunge from the minutes of the court said spurious order.

Peremptory writ of mandamus granted conditionally.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.