48 So.2d 779

**YOUNG v. DEAN.**

3 Div. 572.

Supreme Court of Alabama.
Nov. 9, 1950.

Howard Haygood, of Greenville, and Jones & Key, of Evergreen, for appellant.

464

B. E. Jones and Edwin C. Page, Jr., of Evergreen, for appellee.

SIMPSON, Justice.

This is the second appeal from an interlocutory decree on demurrer. The first appeal is reported as Young v. Dean, 253 Ala. 211, 44 So.2d 12. This appeal is from a decree on demurrer to the bill, which was amended after the remandment.

This court construed the bill on the first appeal as one for a partnership settlement in one aspect and in the other aspect as one for discovery in aid of a legal claim and for an accounting. On that appeal the bill was held to be deficient with respect to certain necessary allegations, and after remandment these defects were remedied by proper amendment, so as to give it equity.

The equity of the bill as regards the partnership settlement is now challenged, with apt demurrer having taken the point, on the ground that the administration (the administratrix filed the bill) is still pending in the probate court and the equity court is without jurisdiction to entertain the suit without first having removed the administration to the equity court.

This aspect of the bill is in essence one to settle a partnership theretofore existing between the appellee's intestate and appellant (defendant) Young. It is no part of the administration of the estate pending in the probate court, its true purpose being to discover and recover equitable assets belonging to the estate which it is alleged the defendant is possessed of and should account for. It is therefore not required that the administration of the estate be removed to the equity court. An executor or administrator has the same right in the premises as would any other person. The administrator, whether special or chief, has the right to maintain a suit in equity or at law to reduce assets to possession, to discover same, and to conserve them for due administration. "A removal of the administration is not essential to that purpose. * * * The remedy to reduce assets of an estate to the possession of an administrator, either special or in chief, is by appropriate action at law or in equity, remedies wherein all parties have due process of law, the same remedies the decedent would have if living." Ex parte Wadsworth, 217 Ala. 567, 569, 117 So. 178, 179; 33 C.J.S., Executors and Administrators, §§ 153, 157, pages 1114, 1117.

The same principle underlies the rule thus stated in 33 C.J.S., Executors and Administrators, § 157, p. 1117: "Where the probate court lacks jurisdiction to determine purely equitable issues as to certain property, the fact that a suit is brought in another court to determine such issues does not divest the probate court of its jurisdiction to determine title to other property involved in discovery proceedings." See State ex rel. North St. Louis Trust Co. v. Wolfe, 343 Mo. 580, 122 S.W.2d 909; Troutman v. Seiler, 59 Pa. D. & C. 132.

It was unnecessary, therefore, that the administration be transferred to equity as a prerequisite to that court taking jurisdiction for the stated purpose.

The other challenge to the decree overruling the demurrer to the bill as

amended which will be discussed is that the bill is multifarious. It is contended that since the discovery and accounting sought in the second aspect is merely of a legal claim, namely, for the discovery and recovery of specific personal property, having no relation to the partnership settlement, the bill is rendered multifarious. We likewise regard this contention as untenable. It should be observed that the determination of whether or not the matters joined in one suit and thereby confounded so as to make a bill multifarious rests in considerable degree in the discretion of the court, to be exercised according to the requirements of convenience and in such a way as to avoid hardship or injustice to the parties. Decision in each case turns on its own particular circumstances. There is no general or inflexible rule. Junkins v. Lovelace, 72 Ala. 303; Ford v. Borders, 200 Ala. 70, 75 So. 398; Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107; Lambert v. Anderson, 224 Ala. 110, 139 So. 287; 30 C.J.S., Equity § 233, p. 683.

Equity Rule 15, Code 1940, Tit. 7 Appendix, asserts that a bill is not generally regarded as multifarious when it seeks alternative relief growing of the same subject matter or upon the same contract or transaction or relating to the same property between the same parties. We think this definition suffices to show that the bill is not subject to that defect. As regards this second phase of the amended bill, the subject matter is one and the same, the property claimed to be that of the estate of complainant Dean's intestate, which assets are alleged to be in the possession of defendant Young, and from the allegations it would seem the partnership property and individual property of decedent are so intermingled and held by defendant as to make it proper to settle all in one suit. Ford v. Borders, supra.

The other questions argued were sufficiently treated on the former appeal.

Affirmed.

FOSTER, LIVINGSTON, LAWSON and STAKELY, JJ., concur.