62 So.2d 797

**BOLTE v. SCHMALE.**

**6 Div. 287.**

Supreme Court of Alabama.
Oct. 16, 1952.

Rehearing Denied Jan. 22, 1953.

H. A. Entrekin, Cullman, for appellant.

374

Wm. E. James, Cullman, for appellee.

BROWN, Justice.

The appellee, Lillie Schmale, a niece of the deceased Lillie Hampel, soon after her appointment as administratrix of the estate of said decedent by the Probate Court of Cullman County, filed a sworn petition, praying for the removal of the administration of the estate into the circuit court, in equity. Said petition was filed July 7, 1949, and the order of removal was entered on the 8th day of July, 1949.

At the time the order of removal was entered there was a pending petition filed by Jennie Bolte, a sister of said decedent, contesting the order granting the letters to Mrs. Schmale on the ground that they were improvidently granted in the face of Jennie Bolte's preferential right as the next of kin

resident of this state. The only order appearing of record in respect to said petition was an order of the probate court of date July 5th, 1949, setting the petition and contest for hearing on July 11, 1949.

In pursuance of the notice given by the administratrix to all persons having claims against said estate, as ordered published by the probate court, said Jennie Bolte filed a claim in the probate court on the 7th day of October, 1949, alleged to be an "amount owing and due to said Jennie Bolte under an agreement between the said Lillie Hampel and Jennie Bolte, by the terms of which the latter was to be paid for services rendered by the said Jennie Bolte to the said Lillie Hampel extending over a period of some twenty years during which it was necessary that claimant live with said decedent and take care of her, and claimant avers the reasonable value of her services aggregates Four thousand eight hundred and 00/100 dollars, and this claimant avers that she has faithfully rendered such services to the date of the death of said Lillie Hampel, and there are no offsets or credits and that said amount is justly due claimant by the estate of said decedent." This petition was duly sworn to by the claimant and after the removal of the estate to the circuit court, in equity, was contested by the administratrix under the provisions of § 216, Title 61, Code of 1940. Issue was joined between the parties on the issues presented by the allegations in said claim and the contest thereof filed by the administratrix, after due notice to the next of kin, and testimony was taken *ore tenus,* resulting in the allowance of said claim in the amount of $1150. In stating his finding of facts in respect to this allowance the trial judge made the following observations as to his conclusions:

"Nature has made family ties very strong, and it is expected that one member of a family will render at least ordinary care and services to another member of the family without hope of reward for this service beyond the satisfaction of knowing that one's duty has been performed. In this case, no doubt, each of these ladies rendered service to the other, and each was a companion to the other at a time when

both were left alone. The Court does not find sufficient evidence to place this relationship on a commercial basis up to the time of the stroke which rendered Mrs. Hampel dependent largely upon others. In this condition, the Court is of the opinion that compensation for services and nursing required over a period of 2 years and 3 months, less $495.00 paid for 7 months of this care to a nephew, should be made. Upon a consideration of the evidence the Court is of the opinion that $1150.00 is reasonable compensation for this service rendered to Mrs. Hampel by the claimant after Mrs. Hampel suffered a stroke."

The administratrix appealed as authorized by Code of 1940, Title 61, § 216 and the decree of the circuit court was affirmed. Schmale v. Bolte, 255 Ala. 115, 50 So.2d 262.

The only pleadings filed other than the claim of Jennie Bolte for services rendered and the contest thereof, above referred to, conclusively disposed of and settled by the affirmance of the final decree settling the amount of said claim, is (1) a petition filed by the administratrix on October 10, 1949, praying for an order "commanding Jennie Bolte to deliver over to her all property in her hands of any and all descriptions of Lillie Hampel, deceased, so that she may administer it among the heirs of Lillie Hampel, deceased, in accordance with law and the orders of this Honorable Court, and in duty bound the petitioner will ever pray, etc." This petition, supported only by the affidavit of the petitioner, was presented to the circuit court ex parte and without notice to Miss Bolte and was granted without other proof than stated:

"This cause coming on to be heard on the petition of Lillie Schmale as administratrix of the estate of Lillie Hampel, deceased, to require Jennie Bolte to deliver to her all property of the deceased in her hands, and the same having been read, considered and understood by the Court, the Court is of the opinion that such petition should be granted:

"It is therefore ordered, adjudged and decreed that the said Jennie Bolte turn over and deliver to the said Lillie Schmale, as administratrix of the estate of Lillie Hampel, deceased, all money, evidence of indebtedness, certificates of stocks, bonds, or other property belonging to deceased in order that the same may be administered for the benefit of all the heirs of Lillie Hampel, deceased, in accordance with law and the orders of this Court. It is further ordered that a copy of this decree be served upon the said Jennie Bolte by the Sheriff of Cullman County, Alabama, and that she be required to comply with the provisions of this decree within 10 days from the date hereof."

The other pleading filed in this case was (2) a sworn petition by the administratrix in the nature of an information for contempt against Miss Bolte for failing to turn over to the administratrix certain specifically described household and kitchen furniture which had not theretofore been mentioned in any pleading filed in said cause and which on its face assumes ownership of said property in the petitioner as administratrix of the estate, leaving nothing open to litigation, except a willful disobedience of the court's previous order entered ex parte and without notice and without regard to any claim of ownership of said household and kitchen furniture.

The matter seems to have been submitted on all the testimony and exhibits taken in the matter of the contest of the claim of Jennie Bolte and other testimony on the last hearing in the proceedings for contempt. The decree from which the appeal was duly taken is in the following words:

"This cause coming on to be heard is submitted in open court by agreement after oral hearing, for decree on the Administratrix' petition to require Jennie Bolte to deliver to the administratrix certain personal property alleged to be withheld by her, and which belongs to said estate.

"Upon consideration of said cause, the Court is of the opinion that the petition should be granted as to all of the property described in the said petition, except the money claimed by the administratrix in

said petition. As to the amounts of cash involved, and whether or not the said Jennie Bolte ever received the same, and if so, whether it has been accounted for heretofore, the evidence is not strong enough to discharge the burden of proof resting upon the Petitioner.

"It is, therefore, ordered, adjudged and decreed by the Court that the said Jennie Bolte immediately deliver to the administratrix of said estate all personal property described in the said petition, and all other personal property belonging to said estate which is in her possession, except the sums of cash described in said petition. Within ten (10) days from the date of the filing of this decree the said Jennie Bolte will file with the Register in this cause a report of all of said items which have been delivered to the said administratrix in accordance with this decree.

"It is further ordered that the prayer of the petition wherein the administratrix seeks to have certain sums of cash delivered to the administratrix be, and the same is hereby denied.

"It is further ordered that the said Jennie Bolte pay the costs of this proceeding, for which execution may issue.

"This, the 15th day of May, 1951.
(signed) Newton B. Powell
Circuit Judge.
"Filed in Office this May 17, 1951. C. H. Keller, Register."

■ We construe this decree to be a final decree, adjudicating the title and ownership of the property described in the pleading filed May 31, 1951, as belonging to the estate of Lillie Hampel, deceased, and denying relief as to cash money involved in said proceedings.

We are therefore of opinion that the motion to dismiss the appeal is not well taken and is overruled. Code of 1940, Title 7, § 754; Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939; McClurkin v. McClurkin, 206 Ala. 513, 514, 90 So. 917; Kimbrough v. Dickinson, 251 Ala. 677, 39 So.2d 241; Loop Nat. Bank of Mobile v. Cox, 255 Ala. 388, 51 So.2d 534; McDonald v. Mobile Life Ins. Co., 56 Ala. 468.

The entire record of the testimony taken on the hearing of the contested claim of Miss Bolte as well as testimony subsequently taken is embraced in the record before the court. In the opinion of the court written by Mr. Justice Foster on the former appeal as to the contested claim, it was pointed out that Miss Bolte and others in like situation are disqualified from testifying as to transactions and conversations with the deceased person whose estate is interested in the result of the suit. Code of 1940, Tit. 7, § 433; Schmale v. Bolte, 255 Ala. 115, 50 So.2d 262.

However, after careful examination of the voluminous record, observing the rules of said statute, the following facts are established without dispute. Both the decedent and her sister were industrious, frugal property owners, the deceased being five or six years the older. At the time of her death she was 83 years of age. They each owned a home and for several years they lived together in the home of Mrs. Hampel, during which time the elder sister was aided and given needed nursing and care by the younger sister. During the year 1944 or 1945 the elder sister suffered a cerebral hemorrhage and required more constant attention and nursing. Miss Bolte then moved with her paralyzed sister to Miss Bolte's home in the country and there they remained until the death of Mrs. Hampel in 1947.

■ At the time the proceedings were instituted to recover the household and kitchen furniture and utensils, said property was in the possession of Miss Bolte. Such possession was *prima facie* evidence of her ownership. Alabama Great Southern R. Co. v. Jones, 71 Ala. 487. The burden, therefore, was on the administratrix to allege and offer legal and competent evidence to show that Miss Bolte was not such owner. There was also legal and competent testimony going to show that Miss Bolte owned and supplied fuel for her automobile which was used in transporting her ailing sister from place to place to attend to business affairs during her sister's infirmities from said illness.

After mature consideration, we are of opinion that the administratrix has not by

appropriate *pleading and proof* established her right to the possession of the property described in the petition filed May 31, 1951, and that the former petition and decree of the court rendered ex parte and without the right of hearing is inefficacious to meet the requirements of due process of law. Ex parte Wadsworth, 217 Ala. 567, 117 So. 178; Young v. Dean, 254 Ala. 463, 48 So.2d 779. Appellee as administratrix is taxed with costs.

Reversed and remanded. ·

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.

### On Rehearing.

It is a fundamental principle applicable to courts of equity as stated by Mr. Justice Storey in his work on equity pleadings "That which is not presented to the court by the pleadings and thus made a part of the record, can not be judiciously decided or determined by the court. Every court must have a record. The pleadings in a case are a part of the mandatory record of the court; and every court is bound by its record." Storey's Equity Pleadings, § 10, repeated in 7th Mayfield's Digest, p. 691.

"It is as futile to prove matters or facts which are not alleged as it is to allege matters or facts which can not be proven. The evidence must correspond with the allegations and must be confined to the point at issue." First Greenleaf Evidence, 51; 7th Mayfield's Digest, p. 691; Ramsey v. Smith, 138 Ala. 333, 35 So. 325; Ex parte Gilbert, 253 Ala. 232, 43 So.2d 816; Morgan v. Stokes, 252 Ala. 335, 40 So.2d 425; Evans v. Evans, 252 Ala. 636, 42 So. 2d 589. As pointed out in the opinion recently promulgated in this case, there was no issue of fact presented by the pleadings. The only pleadings in the record at that time pertinent to the question of ownership of household goods were taken as true without proof, other than by affidavit, and decided without notice. Hence the appellant's rights were adjudicated, if adjudicated at all, without notice and hearing as required by due course of law, as pointed out. While the court was invested with jurisdiction of the administration of the estate by the order of removal from the Probate Court to the Circuit Court, in Equity, it could not proceed to adjudicate and determine the rights of the parties without appropriate pleadings and proof.

The application for rehearing is without merit and is, therefore, overruled.

Application overruled.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.