227 So.2d· 126

**MID–STATE HOMES, INC.**

v.

**Wilma Faye LEDFORD et al.**

7 Div. 833.

Supreme Court of Alabama.

Oct. 2, 1969.

R. A. Norred, Birmingham, for appellant.

W. M. Beck, Fort Payne, for appellees.

PER CURIAM.

This is an appeal by Mid-State Homes, Inc., a Corporation, from a final decree of the Circuit Court of DeKalb County, Alabama, in Equity, granting relief to appellees from the provisions of a real estate mortgage which, according to the bill of complaint, was signed by appellees to secure a debt that constituted a consideration for a dwelling house erected on appellees' land by appellant's transferor, Jim Walter Corporation.

The bill of complaint filed by appellees alleged inter alia that they signed the mortgage in blank, but not before a Notary Public; that there had been misrepresentations on the part of Jim Walter Corporation, through its agents, as to the amount to be inserted in the blanks, and that said mortgage secured a usurious debt.

There was considerable testimony taken before the Register as Commissioner and submitted to the trial court for consideration. There was no ore tenus testimony taken before the court. There was testimony by appellees that Jim Ledford, husband of appellee Wilma Faye Ledford, never signed the mortgage and never appeared before a Notary who signed the certificate of acknowledgment attached to the mortgage.

The trial court, after considering the evidence, made a finding that the mortgage was not signed by appellee, Jim Ledford, nor by any one who had authority to sign for him, and that the mortgage was invalid and could not be foreclosed.

The court concluded that under the circumstances the alleged mortgage created an equitable lien on the property described in the mortgage; that such lien could be enforced in a court of equity to the .extent of said property and debt, namely, for the value of the improvements less lawful credits, citing Rhodes v. Schofield, 263 Ala. 256, 82 So.2d 236.

The substance of the final decree is as follows:

(1) Enjoined foreclosure of the mortgage;

# 614

(2) Declared an equitable lien in favor of appellant on the real property for the value of the improvements placed upon said property by appellant, Mid-State Homes, Inc., in the sum of Thirty-Nine Hundred Dollars, less payments totaling $2898.00.

(3) Allowed appellees sixty (60) days to pay the amount ascertained to be due; ordered sale under lien in case of default.

(4) Should appellees pay the debt, the Register was ordered to satisfy the record of the mortgage. The sum to be paid was $1002.00.

(5) Taxed appellant with the costs.

As we view the record, the final decree was predicated on a finding by the court that the mortgage was invalid because the appellee, Jim Ledford, did not sign the same.

The decree was therefore based on a non-existent issue. As we have observed, supra, the bill of complaint alleged the mortgage was signed in blank, and that the blank spaces were fraudulently filled in with amounts in excess of that agreed upon.

On rehearing in Bolte v. Schmale, 258 Ala. 373, 62 So.2d 797, 801, we observed:

"It is a fundamental principle applicable to courts of equity as stated by Mr. Justice Storey in his work on equity pleadings 'That which is not presented to the court by the pleadings and thus made a part of the record, can not be judiciously decided or determined by the court. Every court must have a record. The pleadings in a case are a part of the mandatory record of the court; and every court is bound by its record.' Storey's Equity Pleadings, § 10, repeated in 7th Mayfield's Digest, p. 691.

" 'It is as futile to prove matters or facts which are not alleged as it is to allege matters or facts which can not be proven. The evidence must correspond with the allegations and must be confined to the point at issue.' First Greenleaf Evidence, 51; 7th Mayfield's Digest, p. 691; Ramsey v. Smith, 138 Ala. 333, 35 So. 325; Ex parte Gilbert, 253 Ala. 232, 43 So.2d 816; Morgan v. Stokes, 252 Ala. 335, 40 So.2d 425; Evans v. Evans, 252 Ala. 636, 42 So.2d 589. * * *"

 Inasmuch as there was no issue of fact presented by the pleadings that appellee Jim Ledford did not execute or sign the mortgage, the predication of relief on the ground that the husband did not sign the mortgage was error to reverse.

The decree of the court is reversed and the cause remanded.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.