285 So.2d 715

Edward L. CAREY et al.

v.

Paul Deleney BURRELL.

SC 193.

Supreme Court of Alabama.

Sept. 27, 1973.

Rehearing Denied Nov. 8, 1973.

Second Rehearing Denied Dec. 6, 1973.

Harold Bacon, Washington, D. C., Counsel, United Mine Workers of America Welfare and Retirement Fund, Cooper, Mitch & Crawford, Birmingham, for appellants.

Corretti, Newsom, Rogers, May & Calton, Brimingham, for appellee.

**McCALL, Justice.**

The appellee, who is a former coal miner, filed his bill of complaint in the equity court against the trustees of the United Mine Workers of America Welfare and

Retirement Fund hereafter called the Fund. This Fund was authorized in the coal industry by Section 302(c) of the Labor Management Relations Act of 1947 (29 U.S.C. § 141 et seq.) and was created by the subsequent collective bargaining agreement known as The National Bituminous Coal Wage Agreement of 1950. Under the provisions of the latter agreement, signatory coal mine operators paid certain sums of money into the Fund, computed monthly on the number of tons of coal mined. One of the purposes the Fund is to pay pension benefits on retirement of eligible employees. Resolution No. 63 of the Trustees of the Fund fixed eligibility requirements and regulations governing the payment of pensions to employees of employers signatory to The National Bituminous Coal Wage Agreement of 1950, as amended.

An averment in his bill is that the appellee is entitled to be declared a beneficiary under the Fund, but that the respondent trustees arbitrarily and capriciously denied him a pension without valid or legal basis. In his prayer for relief the appellee prayed that a final decree be entered establishing his right to a pension at the rate of $150 per month for his life, with back payment. He also prayed for such other and different relief as to which he may be entitled.

In his opening oral statement, among other things, the appellee's solicitor said that, in the alternative, if the court should decide against granting the appellee a pension with back award, the appellee seeks an order directing the trustees to refund with interest all of the monies which he had paid into the Fund as an operator. The bill does not however contain any statement of facts upon which this alternative claim is founded. Nor does the prayer claim specific relief in such alternative, though general relief is prayed for. After an answer in which the appellant trustees denied all of the allegations of the bill relating to the appellee's being entitled to a pension, the suit was heard in open court, without the introduction of any oral testimony and submitted for final decree on the bill and answer and certain written joint exhibits, as well as an exhibit for the appellee.

In its decree of August 31, 1972, the court found and held first that the appellee was a coal operator and not entitled to the pension benefits under the retirement plan. The appellee has not cross-appealed or cross-assigned error on account of this ruling, so that part of this decree is not before us for review and revision.

The court further found as follows:

"Under principles of equity, and the general prayer for relief, Complainant is entitled to the refund of monies paid into the Fund by him (but without interest thereon). The payment by Complainant of these funds was through a lack of understanding of his rights to benefits from the said Fund and the Fund should not be enriched thereby."

The court ordered a reference before the Register to ascertain the total sum of money which the appellee had paid into the Pension Fund and reserved jurisdiction of the cause to thereafter enter a judgment for a sum certain against the trustees of the Fund. The costs were taxed against the appellee with execution to issue upon direction of the court. On October 5, 1972, the court awarded the appellee a money judgment against the appellants for $54,665.20, being the amount paid into the Fund by the appellee and stipulated to by the parties, and, the court taxed the costs against the appellants with execution to issue.

After the overruling and denying of their application for rehearing, the appellants appealed from the above decrees rendered on August 31, 1972, and October 5, 1972, by filing security for cost as well as a bond to supersede the moneyed judgment.

The appellee has assailed the sufficiency of appellant's assignments of error and the manner of joining them for argument. He

asserts that the appellants have failed to comply with the requirements of Rule 1 of the Revised Rules of Practice in the Supreme Court, Code of Alabama, Recompiled 1958, Tit. 7, Appendix, Cum. Pocket Part, which reads as follows:

"In assigning errors, it shall be sufficient to state concisely, in writing, in what the error consists; and each assignment shall list the page or pages of the transcript of the record on which the ruling is recorded. * * *"

There are eight numbered assignments of error, made by the appellants on the record. Assignments 1, 2 and 3 are general and to the effect that the court erred in its decrees of August 31, 1972, and of October 5, 1972, respectively, and, in decreeing and entering a judgment for the appellee.

Both of the decrees are several in their nature and are not unit decrees. The decree of August 31, 1972, finds and rules that the appellee is a coal operator and not an employee entitled to benefits from the Fund. It also finds that under equity principles he is entitled to a refund of the money he paid into the Fund, because the payment was through his lack of understanding of his rights to benefits from the Fund, and the Fund should not be enriched thereby. The decree also orders a reference to form a basis for a money judgment to be later entered for the appellee. While the preceding decree grants relief to the appellee-complainant in one ruling only, it at the same time denies the appellee relief in an entirely different ruling. There are two separate rulings in this decree. The order or decree of October 5, 1972, grants the appellee's motion to strike a motion of the appellants to set aside the submission and to supplement the record. It also orders confirmation of the Register's report as to the sum the appellee paid to the Fund, and the decree awards a judgment for $54,665.20 to the appellee. Each one of these assignments complains generally of the entry of the re-spective decrees, though there were several rulings made in each of them. While these three assignments may otherwise be lacking in precision under the requirements of Supreme Court Rule 1, see Burroughs v. Booth, 286 Ala. 110, 112, 237 So.2d 496, they, not being addressed to so-called unit decrees, do not fall within the exception of the cases of Auto-Owners Ins. Co. v. Stokes, 284 Ala. 537, 546, 226 So.2d 320; Powell v. Powell, 285 Ala. 230, 233, 231 So.2d 103, and Wiggins v. Stapleton Baptist Church, 282 Ala. 255, 210 So.2d 814, and therefore must fail. In the case of J. H. Morris, Inc. v. Indian Hills, Inc., 282 Ala. 443, 449, 212 So.2d 831, 837, the court said:

"These assignments complain of two decrees and are that 'The trial Court erred in rendering its decree of' a certain date, respectively. Each decree contains more than one ruling. Neither assignment specifies the particular ruling which is assigned as error. Where there are several rulings, to any one of which the language of the assignment might equally apply, the assignment manifestly fails to designate the precise error to be reviewed. If the assignment is uncertain and indefinite as to the particular error complained of, this court will decline to consider it. Beasley-Bennett Electric Co. v. Gulf Coast Chapter, 273 Ala. 32, 35, 36, 134 So.2d 427. * * *"

Assignments 1, 2, and 3 therefore are not sufficient to invite the court's attention and will not be reconsidered.

Assignment of error 4 is as follows:

"The Trial Court erred in finding and decreeing that the Complainant-Appellee was entitled to relief by way of a refund of or judgment for moneys paid into the Trust Fund. (Tr. p. 76–77)."

This assignment is not so indefinite as to be stricken, Burgin v. Sugg, 210 Ala. 142, 97 So. 216 (1923), and deserves to be considered.

Assignment 5 contains five separate sub-parts designated (A) through (E). It jointly asserts that the decrees were erroneous because there was a total lack of evidence to support (A) findings of the appellee's lack of understanding or the trustees' unjust enrichment, (B) the award of a monetary judgment of refund, (C) findings that appellee-complainant was mislead or mistaken regarding the payments he made or that there was unjust enrichment of the trustees, and, (D) that the aspect of the decree finding appellee unentitled to a pension is inconsistent with the award of a monetary judgment, and, (E) that the decree was not responsive to the issues made by the pleadings or to any issue of which the trustees were given notice.

■ The rule prevails that assignments which are not germane must be assigned separately, or if joined, each must be sufficient or all will fail. Pruett v. State ex rel. Colbert County, 283 Ala. 33, 214 So.2d 310 (1968). No common thread, such as will create germaneness, is present among the five sub-parts, so, if any assignment contained within assignment 5 is without merit, all must fail. In reference to this assignment, we need only say that assignment 5E's assertion that the decree was not responsive to any issue made by the pleadings must fail for it is obvious that at least the finding that the appellee was not an employee but an operator is directly responsive to the issues submitted. Having shown the sub-parts of assignment 5 were not all germane to each other, a field of operation is given to the rule that the assignments will then be tested by the strength of the weakest of them; and, showing then that at least sub-part E was faulty, we will not go on to consider any of these assignments on their merits. Pruett v. State ex rel. Colbert County, supra; Auto-Owners Ins. Co. v. Stokes, supra.

The sixth assignment is that the court erred in failing to set aside the final submission and receive additional evidence. The seventh assignment is that the court erred in granting relief under the general prayer. The final assignment (8) is that the court erred in granting relief inconsistent with the pleadings and evidence.

■ Assignments of error 6, 7, and 8, above, are attacked, because none of these assignments comply with Supreme Court Rule 1, supra, so as to "list the page or pages of the transcript of the record on which the ruling is recorded." We have held that the rule is mandatory in this requirement, and having failed to adhere to the mandate, we will not consider these assignments. National Finance Company, Inc. v. Rowe, 281 Ala. 658, 207 So.2d 133; Wainwright v. Rolling Acres, Inc., 289 Ala. 593, 269 So.2d 123; Adrian v. Lockridge, 285 Ala. 222, 231 So.2d 95; see also Alabama Power Co. v. Thomas, 50 Ala. App. 517, 280 So.2d 778 (1973).

■ In brief appellants have joined the argument of assignments 1, 2, 3, and 4. We have indicated that of these assignments, 1, 2, and 3 are faulty because they are general and lack precision in not concisely pointing out error. Appellee would have us hold that joinder of these faulty assignments with good assignment 4, will cause us not to consider that assignment. Our case of Thornton v. Tutt, 283 Ala. 72, 214 So.2d 425 (1968), has indicated that result. There, assignments 7, 8, 9, and 10 were argued jointly. After pointing out that 8, 9, and 10 were too general, the court said assignment of error 7 must also fail because argued in bulk with those assignments. We decline to say that the apparent rule of Thornton v. Tutt controls here. Rather we construe that case as disapproving the joint argument of unrelated assignments. In the final sentence in *Thornton,* this court repeated the long standing rule that "[w]hen unrelated assignments of error are argued in bulk, and one is faulty, all must fail." The assignments in Thornton v. Tutt were that the decree was " * * * contrary to the facts * * * contrary to the law * * *

and not sustained by the great preponderance of the errors (sic)." A different situation is presented in the present case. General assignments 1, 2, and 3 all attempt to point out the same common error—that the court erred in the respective decrees. All four of these purported assignments are related in that they simply assert error as to the decrees. The same supporting argument is addressed to all of the assignments. We are unwilling to hold under this situation that assignment 4 fails because argued in bulk with the three general assignments.

As we see this case, there is left the substantial argument of the appellant that the court erred in awarding a refund by way of a money judgment for the sums paid into the Trust Fund.

■ We have carefully studied the bill of complaint in this case and after a full consideration, we are of the opinion that the averments of the bill are not sufficient to entitle the appellee to a refund of the royalty payments made to the Fund while the appellee was a coal operator. This relief was not within the scope of the statement of facts in the bill. The bill is centered upon the lone theory that the complainant was an eligible employee entitled to be declared a beneficiary of said Fund's pension benefits. The chancellor found under the evidence and decreed that the complainant was a coal operator and not entitled to benefits from the retirement fund.

There are averments in the bill that, using the name Coal Creek Mining Company, the appellee operated coal mines on properties leased from Brookside-Pratt Mining Company from August, 1959 through June 15, 1964, and that, during those years, he, doing business as Coal Creek Mining Company, paid the per ton royalty to the Fund on each ton of coal produced by him. Those allegations are not consistent with a judicial finding that the royalty payments were made through a lack of understanding of his rights to pension benefits from the Fund. On the contrary, the bill avers that these royalty payments were required to be made by the appellee under the terms of his lease agreement with Brookside-Pratt Mining Company, a signatory to The National Bituminous Coal Wage Agreement of 1950, as amended. If there are principles of equity entitling appellee to a refund, facts upon which such principles may be invoked, are not averred. The bill expressly avers, but by way of conclusion, that the appellants acted arbitrarily and capriciously in denying appellee a pension not in the receipt of the royalty payment. Even so the trial court must have found to the contrary, because the court denied the appellee a pension.

The prime issue, as formulated by the bill and answer, was whether or not the appellee was qualified or not qualified to receive a pension. The trial court decreed that he was not so qualified. Notwithstanding there are no averments beyond that issue to show that the payments to the Fund were made through a misunderstanding of rights or through a course which unjustly enriched the Fund, the court so found and rendered a judgment in appellee's favor.

In its decree of August 31, 1972, the court stated that under the general prayer for relief, the complainant (appellee) claims that if he be not entitled to pension benefits, he should receive a money judgment for the amounts which he allegedly paid over to the Fund as a coal operator. The court then proceeded to find and hold that under principles of equity, and the general prayer for relief, the appellee was entitled to a refund of the monies paid into the Fund.

A party may sometimes be mistaken in his special prayer for relief on the stated facts, and yet obtain relief under the general prayer to the bill. This is the value and importance of a general prayer.

Sharpe v. Miller, 157 Ala. 299, 303, 47 So. 701; McDonnell v. Finch, 131 Ala. 85, 90, 31 So. 594. But in order to be so entitled to such relief under the general prayer, the relief must be consistent with the allegations of the bill.

In the present case, the appellee-complainant did not mistake the relief to which he may have been entitled under the facts he averred in his bill. He apparently did not prove the facts he averred that may have entitled him to the special relief he prayed for. The court said however that he was entitled to a different relief under those facts by reason of his general prayer. But the relief granted under the general prayer was not consistent with the allegations of the bill because there are no averments in the bill suggesting that the appellee was entitled to a refund of royalty payments made to the Fund.

"* * * [R]elief under the general prayer must be consistent with the allegations of the bill * * *." Owen v. Montgomery, 230 Ala. 574, 576, 161 So. 816, 817; Cox v. Cox, 267 Ala. 372, 377, 102 So.2d 23.

The rule as stated in Wood v. Cantrell, 224 Ala. 294, 296, 140 So. 345, 346 is as follows:

"* * * If under the averments of the bill complainant is entitled to relief of the character prayed, the court under the general prayer will mold the relief to meet the equities as they appear. * * *"

And, in Hill v. Johnson, 214 Ala. 194, 197, 106 So. 814, 816, the following appears:

"* * * It is the peculiar province of the court of equity, under the prayer for general relief, to mold its decree to meet the case made by the pleadings and proof."

The court in Kelly v. Andalusia Brick Co., 222 Ala. 203, 205, 131 So. 559, 561, said:

"* * * [T]o the extent that the proceeds of the loan from the insurance company were not applied to a lien on the property created by the corporation before it conveyed the property to the appellant, he would be due to account therefor personally, and the court should so decree *if there were sufficient allegations in the bill to justify that relief. But allegation is as necessary as proof. The prayer may be sufficiently broad but the allegations are not.*" (Emphasis supplied)

In the case of Mid-State Homes, Inc. v. Ledford, 284 Ala. 613, 614, 227 So.2d 126, 127, we said:

"As we view the record, the final decree was predicated on a finding by the court that the mortgage was invalid because the appellee, Jim Ledford, did not sign the same.

"The decree was therefore based on a non-existent issue. As we have observed, supra, the bill of complaint alleged the mortgage was signed in blank, and that the blank spaces were fraudulently filled in with amounts in excess of that agreed upon.

"On rehearing in Bolte v. Schmale, 258 Ala. 373, 62 So.2d 797, 801, we observed:

"'It is a fundamental principle applicable to courts of equity as stated by Mr. Justice Storey in his work on equity pleadings "That which is not presented to the court by the pleadings and thus made a part of the record, can not be judiciously decided or determined by the court. Every court must have a record. The pleadings in a case are a part of the mandatory record of the court; and every court is bound by its record." Storey's Equity Pleadings, § 10, repeated in 7th Mayfield's Digest, p. 691.

" ' "It is as futile to prove matters or facts which are not alleged as it is to allege matters or facts which can not be proven. The evidence must correspond with the allegations and must be confined to the point at issue." First Greenleaf Evidence, 51; 7th Mayfield's Digest, p. 691; Ramsey v. Smith, 138 Ala. 333, 35 So. 325; Ex parte Gilbert, 253 Ala. 232, 43 So.2d 816; Morgan v. Stokes, 252 Ala. 335, 40 So.2d 425; Evans v. Evans, 252 Ala. 636, 42 So.2d 589. * * * '

"Inasmuch as there was no issue of fact presented by the pleadings that appellee Jim Ledford did not execute or sign the mortgage, the predication of relief on the ground that the husband did not sign the mortgage was error to reverse."

The purpose of the facts stated in the bill are to show that the appellee is entitled to a pension on the premise that he was a qualified employee under the welfare and pension Fund. There is no other averment of facts to justify alternative relief. There is an offer to do equity and a general prayer for relief. The bill does not allege that the royalty payments were made through misunderstanding or that their payment was wrongfully demanded by the appellants, or, erroneously made by the appellee or so received by the appellant so as to possibly unjustly enrich the Fund. Under the pleadings in this case, it would be unreal to hold that if the appellee is not eligible for a pension, he is entitled to a refund of the royalty payments made by him as an operator on behalf of his employees. This is especially so since his lease contract expressly obligated him to make the royalty payments. The pleadings make no issues concerning the Fund payments. Such would be necessary to authorize the relief granted the appellee of a refund. The decrees of the trial court are therefore reversed to the extent that they order and decree that the appellee-complainant is entitled to a refund of monies paid to the Fund and render judgment therefor together with costs incurred in the cause against the appellants, and the cause is remanded.

Reversed in part and remanded.

All Justices concur, except HEFLIN, C. J., and BLOODWORTH, J., who concur in the result and JONES, J., who concurs specially.

JONES, Justice (concurring specially).

My concurrence in this opinion is not an altogether happy circumstance. I have no doubt under the facts here pertaining that appellee—complainant below—was entitled to relief. The trial court's finding of a refund of his welfare fund payment, however, is unjustified under the status of the pleadings. Had our new rules of civil procedure been in effect at the time of trial, and, had the court's pretrial order embraced the issue of refund as an alternative relief (Rule 16), I would then affirm.

ON REHEARING

McCALL, Justice.

On rehearing, the appellee points out that assignment of error 4, which we held good, was not only argued with faulty assignments 1, 2, and 3, but was also argued with every other bad assignment, and that we overlooked this latter argument on original deliverance.

In the opinion we held that assignments 1, 2, and 3 were not sufficient to invite the court's attention and would not be considered, but we said that we were unwilling to hold that assignment 4 failed because argued in bulk with those first three assignments. We said this:

"* * * All four of these purported assignments are related in that they simply assert error as to the decrees. The same supporting argument is addressed to all of the assignments. We are unwilling to hold under this situation that

assignment 4 fails because argued in bulk with the three general assignments."

The appellee contends that since assignments 1–4, and 5 D, 5 E, 7 and 8 are argued in bulk, and all but 4 are in some manner faulty, consideration of 4 is to be pretermitted. For the reason outlined herein we feel this argument has no applicability in the present case.

In Allison v. Acton-Etheridge Coal Co.. Inc., 289 Ala. 443, 268 So.2d 725 (1972), the appellant argued in bulk its assignments directed to the court's error in overruling its motion for new trial. The assignments were based on allegations of improper argument, failure of the trial court to charge on the improper argument, and that the verdict was so contrary to the preponderance of the evidence as to indicate passion, bias, or prejudice. Appellant failed substantially to argue the preponderance issue and consideration thereof was thus precluded. Appellee's contention that no consideration could then be given the remaining assignments because joined with the preponderance issue was rejected, this court holding that the assignments all presented the same question, that was, did the trial court err in overruling appellant's motion for new trial, notwithstanding that the assignments varied somewhat in the manner in which each asserted the error.

The appellants presently in sections II, III, VI, and VII of their brief devote over half their total argument to what we view as but one argument as raised n the controverted assignments 1, 2, 3, 4, 5 D, 5 E, 7 and 8. That argument as we previously have characterized it in the opinion, is whether "the court erred in awarding a refund by way of a money judgment for the sums paid into the Trust Fund." Assignments 1, 2, and 3 assign generally the error in awarding the judgment; 5 D argues in substance the error of awarding the judgment of a refund of the monies paid in; 5 E argues the error of awarding the judgment of refund, asserting it was not based on the case as presented to the court; 7 also argues the error of the court in awarding the judgment of refund, asserting the general prayer could not authorize the relief inconsistent with the case as tried and 8 assigns, by the same argument as assignment 7, the error in awarding the judgment of refund.

■ These assignments all are kindred one to the others in asserting one common proposition: that the judgment was erroneous, in that it ordered the refund of the monies paid in. All the above noted assignments have been demonstrated insufficient as to form, or otherwise are not to be considered. But since all relate to each other and to good assignment 4, consideration of assignment 4 is not to be precluded. For only when assignments argued in bulk are not all related, will all fail if one is bad. Allison v. Acton-Etheridge Coal Co., Inc., supra.

Further, nothing regarding these assignments conflicts with an application of Thornton v. Tutt, 283 Ala. 72, 214 So.2d 425 (1968), or the test prescribed in Pruett v. State ex rel. Colbert County, 283 Ala. 33, 214 So.2d 310 (1968) for not only are the assignments here related in that they present the same overall question, but each may be answered by reference to the same legal principle.

■ Since assignment 4 has been shown properly to have been argued jointly with assignments 1, 2, 3, 5 D, 5 E, 7 and 8, in one section of the appellants' brief, it is of no moment that assignment 4 may have, in other sections of the brief, been argued with unrelated assignments.

The original opinion is thus extended, but the application for rehearing, having shown no substantial inconsistencies in the original deliverance, is denied.

Opinion extended, application for rehearing overruled.

All Justices concur, except HEFLIN, C. J., and BLOODWORTH, J., who concur in the result and JONES, J., who concurs specially.