94 So.2d 784

**Cliff STILES**

v.

**H. H. LAMBERT.**

**5 Div. 487.**

Court of Appeals of Alabama.

Nov. 27, 1956.

Rehearing Denied Jan. 15, 1957.

Jerome Phillips, Birmingham, for appellant.

Walker & Walker, Opelika, for appellee.

HARWOOD, Presiding Judge.

In the proceedings below the plaintiff sued the defendant on a promissory note which the plaintiff, as endorser, had paid upon defendant's failure to do so.

The defendant filed pleas of the general issue, and pleas of setoff and recoupment

claiming $4,800 by virtue of advance rent paid by the defendant to the plaintiff.

Issue was thereupon joined and after submission of the evidence to the court without the intervention of a jury, judgment was rendered in favor of the defendant in the amount of $842.

The plaintiff-appellant's motion for a new trial being overruled, appeal was perfected to this court.

The evidence shows that on 31 December 1954 the plaintiff, C. F. Stiles, satisfied a note made by the defendant to the Commercial Bank in Panama City, Florida, Stiles having endorsed the note. The amount paid by Stiles on the note was $3,000 due as principal, and $158 due as interest.

The evidence further shows that on 1 June 1953 the plaintiff leased to the defendant certain premises known as "Old Dutch Tavern" located in Bay County, Florida, for use as an eating establishment.

The lease provided that term should be for 24 months, from 15 January 1954, and that the rent should be at the rate of $800 per month, beginning 15 July 1953, to be paid on the 15th of each month thereafter until 15 July 1955, the rent to be kept paid six months in advance at all times.

The lease also provided, among other things, that the lessor was to maintain the exterior of the building, including the roof.

The evidence further shows that the plaintiff owned and operated the Old Dutch hotel, which adjoined the Old Dutch Tavern.

On 14 September 1954 the defendant took the keys of the Old Dutch Tavern to Mr. Bradley who managed the Old Dutch hotel for Stiles and informed him he was moving out. The defendant did move from the premises that day.

Bradley apparently communicated this information to Stiles, for on 21 September 1954 Stiles wrote the defendant Lambert as follows:

"Mr. H. H. Lambert
"Auburn, Alabama
"Dear Mr. Lambert:

"We have not received our September 15th check and I understand from our Manager, Mr. Bradley, at the Old Dutch Hotel that you locked up and brought the keys of the Old Dutch Tavern to him, stating that you were cancelling your lease as of September 14th.

"If I do not hear from you within a few days, stating that this is not true and enclosing a check for the rent, I will consider it a fact.
                    "Yours very truly,
                    "(Signed) C. F. Stiles
                    "C. F. Stiles."

The defendant did not reply to this letter, and thereafter Stiles installed a day and night watchman in the tavern, and for a month in the fall of 1954 he permitted two boys to operate a bar in the tavern in order to keep the place open, and he charged them no rent.

The only material dispute in the evidence relates to whether the plaintiff failed or refused to keep the roof of the tavern in repair.

The defendant presented evidence tending to show that after a storm in the fall of 1953 the roof leaked badly, and despite complaints to the plaintiff every time he saw him, nothing was done.

Miss Kathleen Patterson, who worked for the defendant as a waitress, testified that after the September 1953 storm water poured into the kitchen around the chimney. She stated she had on one occasion spoken to the plaintiff about this condition, and also to Mr. Watkins, who did repairs for the plaintiff.

The plaintiff denied that the roof had ever leaked, or that either the defendant

or Miss Patterson had ever spoken to him about it.

Mr. Watkins denied that either the defendant or Miss Patterson had ever spoken to him about the roof leaking. He further testified that after the September 1953 storm he had checked the Tavern and the Hotel for Mr. Stiles, and not a shingle was out of place on the Tavern. He also checked the roof last fall, and again about three weeks prior to this trial and found the roof in good condition, and no evidence of water damage in the Tavern.

In connection with his nonpayment of the note, the defendant testified that he told Mr. Gardner, at the bank, that Mr. Stiles owed him six months rent, had broken his lease every way in the world, and that he was not going to pay the note until he got a settlement out of Stiles.

In rebuttal to this testimony by the defendant Mr. Gardner, executive vice president of the Commercial Bank, testified he could recall no such conversation with the defendant. On his direct examination Mr. Gardner had previously testified that when he called Mr. Lambert in reference to paying the note Mr. Lambert had promised to pay it, and did not set up the leaking roof as an excuse for not paying the note.

The appellant has assigned three errors, as follows:

1. The judgment of the court is contrary to the great preponderance of the evidence.

2. The judgment of the court is contrary to the law.

3. The court erred to the hurt and prejudice of the plaintiff-appellant in overruling motion for a new trial.

Counsel for appellee insists first that appellant's assignments of error, and the specification of these errors in brief, are insufficient to warrant a review by the court.

Counsel for appellant in his brief has set out the facts to a sufficient degree to warrant our review of assignment 1, supra, and has carried this assignment forward in his brief.

While the brief does not meet the standards desired, it is not so deficient as to preclude our review as to assignment 1, since the judgment as a whole is attacked, and under these conditions an assignment in general terms will suffice. Robinson v. Murphy, 69 Ala. 543.

As to assignments 2 and 3, the appellant merely adopts, separately and severally for each assignment, the argument as to assignment 1. Such procedure does preclude our review as to these assignments.

Where a judgment, as here, is assailed as erroneous in the whole, an assignment in general terms is acceptable. Robinson v. Murphy, 69 Ala. 543.

The judgment entered by the lower court is in part as follows:

"It is, therefore, clear to the court that at the time of the cancellation of the contract executed by the parties, the defendant owed the plaintiff the sum of $3158.00, and the plaintiff at that time had in his hands the sum of $4000.00, which sum had been paid to him by the defendant as advance rent, and under the contract between the parties. There is no forfeiture clause in the contract between these parties.

"Upon consideration, the court is of the opinion that the plaintiff, Cliff Stiles, owes to the defendant the sum of $842.00, being the difference between the sum of $4000.00 in the hands of the plaintiff belonging to the defendant, and the amount paid by the plaintiff on the note of the defendant, to wit, $3158.00.

"It is, therefore, ordered and adjudged by the court that the defendant in this cause recover of the plaintiff the sum of $842.00, and without interest.

18

"Judgment is, therefore, rendered in this cause for the defendant and against the plaintiff on defendant's plea of setoff, and in the sum of $842.00, without interest, and for which execution may issue."

We fully agree with the lower court that under the evidence the money paid by the defendant to the plaintiff was advance rent. We do not agree however that such money was the property of the defendant.

Rent does not accrue from day to day, but accrues on the day it is payable. Friedman v. Isenbruck, 111 Cal.App. 326, 244 P.2d 718. The rent in this case being payable six months, in advance, was accrued on the day it was paid.

The lease in this case was cancelled either by surrender by the defendant lessee, or by mutual consent. The mode by which the lease was ended is immaterial.

Where money is paid as advance rent the rule is that it becomes the absolute property of the landlord. Foye v. Simpkinson, 89 Cal.App. 119, 264 P. 331; Schoen v. New Britain Trust Co., 111 Conn. 466, 150 A. 696; Sline Properties, Inc., v. Colvin, 4 Cir., 190 F.2d 401; Rockwell v. Eilers Music House, 67 Wash. 478, 122 P. 12, 39 L.R.A.,N.S., 894.

As stated in Casino Amusement Co. v. Ocean Beach Amusement Co., 101 Fla. 59, 133 So. 559, 561: " 'One who agrees to pay in advance cannot well complain, if as a result of the agreement, he is in a different position from that in which he would be had he not so agreed.' "

The advance rent paid by the defendant having vested absolutely in the plaintiff, the court's statement as a fact that this payment was money, ($4,000) "in the hands of the plaintiff belonging to defendant" is an erroneous conclusion of fact in light of the legal principles appertaining.

We are not here dealing with the situation of the right of a lessee to set off or recoup rent, claimed by a landlord subsequent to the termination of a lease by a landlord, for in the present case the rent had already accrued and been paid, and had vested in the landlord.

While the general rule is that when a tenant remains in possession and enjoyment of premises he cannot set up a failure to make repairs as a bar to the action by the landlord for rent, but must protect himself by way of setoff or recoupment, Tyson v. Weil, 169 Ala. 558, 53 So. 912, such rule is inapplicable to the present case for the reason that the lease had been terminated, and this was not a suit for unpaid rent.

The cases cited by counsel for appellant in his argument in support of his proposition that "a tenant may recover of a landlord money paid in advance for rental of premises which the tenant did not possess during the prepayment period," are cases where either, 1, the tenant was never given possession of the premises for which he had made an advance payment of rent, or, 2, the lease was mutually cancelled prior to delivery of possession, or 3, the amount paid was a deposit or security for permanence, and not advance rent. Such factual situations are not applicable to the present case.

Reversed and remanded.