TATELBAUM ET AL., RECEIVERS *v.* CHERTKOF ET UX.

[No. 115, October Term, 1956.]

476

*Decided March 7, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Melvin R. Blacker* and *Theodore S. Miller,* with whom were *Sklar, Blacker & Sullivan,* on the brief, for appellants.

*Walter C. Mylander, Jr.,* and *Charles C. W. Atwater,* for appellees.

HENDERSON, J., delivered the opinion of the Court.

Receivers appointed for Saxony Caterers, Inc., brought an action in the Superior Court of Baltimore City to recover $12,000.00 paid by the insolvent corporation as tenant under a lease of premises known as 3906 Liberty Heights Avenue. After a demurrer to an amended declaration had been sustained without leave to amend, the court entered a judgment for costs in favor of the defendants, appellees. The question presented is whether the payment was by way of rent, or by way of a security deposit.

The amended declaration alleges that on February 4, 1955, the appellees leased the premises in question to Saxony Caterers, Inc., for a period of ten years beginning April 1, 1955, and terminating March 31, 1965, at a rental of $120,000.00 for said period, payable in equal monthly installments of $1,000.00 each, with an option to extend the lease for an additional period of five years on the same terms. The tenant, at the time of the execution of the written lease, paid the sum of $12,000.00 to the landlords, pursuant to the following clause in the lease:

"(12) *Prepayment of Rent:* The Tenant, simultaneously with the execution of this Lease, has paid the sum of Twelve Thousand Dollars ($12,000.) to the Landlords, the receipt of which the Landlords hereby acknowledge, said sum being paid for the rent for the last twelve months [of this Lease, or the last twelve months] [1] of the option period, if said option is exercised. This prepayment of the last year's rental shall in no way interfere with the collection of any previous rents which shall become due and shall not waive the rights of the Landlords for any such rent. In the event that this lease is terminated because of the bankruptcy, insolvency, or other default of the tenant, then in that event Landlord's right to collect the rent otherwise payable under the provisions of this lease to the date of such termination shall not be prejudiced by such prepayment. In consideration of said prepayment of rent landlord agrees to give tenant a discount of

---

1. Both parties agreed at the argument that the language in brackets was omitted by inadvertence from the amended declaration.

Three Hundred Dollars ($300.00) on each successive twelfth month's installment of rent due hereunder provided that all prior monthly installments shall have each been paid within five days from the due dates thereof."

This lease was duly recorded and the tenant went into possession and paid rent each month for about a year. But on March 21, 1956, when receivers were appointed, the tenant was in arrears in the payment of rent in the amount of $2,000.00. On or about April 2, 1956, the tenant vacated the premises and the landlords distrained for the overdue rent, reentered, and leased the premises to other persons. On April 27, 1956, the court that appointed the receivers authorized them to commence this action.

It appears to be conceded that if, in legal effect, the payment of the $12,000.00 was a security deposit the receivers are entitled to recover it, but if it is advance rent the landlords may retain it. The general rule is stated in *American Law of Property,* § 3.73, p. 338. See also *Schoen v. New Britain Trust Co.,* 150 A. 696 (Conn.) and *Galbraith v. Wood,* 144 N. W. 945 (Minn.). Other cases are collected in a Note, 27 *A. L. R.* 2d 656. In *Sline Properties v. Colvin,* 190 F. 2d 401, 403 (U. S. C. A. 4th), property in Baltimore was leased for a term of five years from December 5, 1947, at a yearly rental payable in monthly installments of $400.00 each. The tenant also agreed to pay, and paid, $1,200.00 "representing rental for the months of October, November and December, 1952", the last three months of the term. A trustee in bankruptcy claimed this sum, upon his appointment in 1949, but recovery was denied. Judge Soper, for the court, said: "The decision depends upon the interpretation of the lease. If the deposit was made by the tenant as security for the performance of the covenants in the lease, it remained the property of the tenant and passed to the trustee in bankruptcy subject to the claims accruing to the landlord by reason of the tenant's default; but if the deposit was in fact payment of rent in advance it became the property of the landlord and the trustee has no title to it and no right to use it as an offset to the landlord's claim for use and occupancy of the premises by the trustee. In our opinion the

latter alternative is the effect to be given to the contract. * * * No provision appears such as is frequently found in leases of this kind in which it is expressed or from which it may be implied that the deposit was made by the tenant as security for the performance of the contract."

In the instant case the allocation of the sum paid to the last twelve months of the term, or extended term in the alternative, does not render the allocation indefinite. See *Brooks v. Coppedge,* 228 P. 2d 248 (Idaho). The appellants contend, however, that the discount provision in the instant case is in substance an allowance of interest upon the amount prepaid, and a strong indication of an intention that title to the fund remained in the tenant. But it has been held that even the allowance of interest *eo nomine* is only one of the factors to be considered, and is not controlling on the question of intention. In *Hargrove v. Marks,* 7 N. E. 2d 640 (Ind. App.), the court reached the conclusion that the prepayment was of future rent, despite a provision for interest. To the same effect, see *Evans v. McClure,* 158 S. W. 487 (Ark.) and *Phegley v. Enke's City Dye Works,* 272 P. 898 (Ore.).

The appellants rely strongly upon the case of *Bacciocco v. Curtis,* 82 P. 2d 385 (Cal.), where it was held that the prepayment was a security deposit, partly on the ground that there was a provision for interest and partly on the ground that the prepayment was designated as a bonus, not allocated to any rental period, to be credited on conditions related to performance. There was also a receipt declaring that the prepayment was "a deposit as security for the payment of rent" under the lease. The opinion cited with approval the earlier case of *A-1 Garage v. Lange Inv. Co.,* 44 P. 2d 681 (Cal. App.), cert. denied, 296 U. S. 642, which had held, on slightly different facts, that a bonus belonged to the landlord, although there was a provision for the allowance of interest. This case was approved, on similar facts, in *Warming v. Shapiro,* 257 P. 2d 74 (Cal. App.), and the *Bacciocco* case was distinguished.

The appellants also rely upon *Cain v. Brown,* 136 N. E. 916 (Ohio) and *English v. Richardson,* 117 A. 287 (N. H.).

But in the former case the payment was designated as a "deposit", in addition to the semi-annual payment of interest, and in the latter the payment was not "to be applied" until the end of the term, with savings bank interest payable in the meantime.

In the instant case we think the language of the lease indicates quite clearly that the payment was intended as a prepayment of the last year's rent, and not as a security deposit. Not only is it specifically designated as such, but it is declared that the prepayment should in no way interfere with the collection of any previous rent falling due, nor with the right of the landlord to collect the rent otherwise payable, in the event of bankruptcy, insolvency or other default of the tenant. There are no provisions for future application or conditions attached to the immediate application to the future rent specified. These clauses negative any implication that the prepayment was intended to secure payments accruing in due course or any other covenants of the tenant, and it would seem that title to the fund passed at once to the landlords, without reference to any future defaults by the tenant. There is no doubt that it was within the power of the tenant to make such an agreement, and that the receivers stand in no better position than the tenant. There is no suggestion of overreaching, and the written lease was signed by both parties with the advice of counsel.

In the face of this clear expression of the intention of the parties, we think the clause providing for a discount is not controlling. In some applications, particularly in banking transactions, the word discount is used in the sense of prepayment of interest, but it is also widely used in the sense of a rebate or allowance for punctual payment, particularly in the case of sales on open account and utility services. We note that the discount here was conditioned upon the payment of all prior monthly installments in each successive year within five days from their due dates, and amounted to $2\frac{1}{2}\%$ of the annual rent. Such a discount is not necessarily related to the use of the sum prepaid by the landlord, nor is it inconsistent with the application of the fund to the future rent

specified. Giving effect to all of the provisions of the paragraph quoted, and in the light of the authorities cited, we think the receivers have not stated a case for recovery.

*Judgment affirmed, with costs.*