207 So.2d 133

**NATIONAL FINANCE COMPANY, Inc.,**

v.

*James Otis* **ROWE.**

I Div. 455–455 A.

Supreme Court of Alabama.

Feb. 15, 1968.

Thos. F. Sweeney, Mobile, for appellant.

Tyson, Marr & Friedlander, Mobile, for appellee.

PER CURIAM.

Appellant filed its suit in the Circuit Court of Mobile County against appellee to recover judgment on a promissory note representing part of the purchase price of an automobile. Appellee filed his suit in the same court against appellant to recover judgment (Count One) for the wrongful taking of an automobile, and also for trespass (Count Two) on plaintiff's property to repossess the same automobile mentioned in Count One.

By agreement of the parties the two cases were consolidated for trial before a jury that returned separate verdicts in both cases in favor of appellee. The verdict on the complaint of appellee against appellant assessed plaintiff's damages at $6,733. The appeal here is from this judgment.

The transcript contains nineteen assignments of error, but only three (4, 6 and 7) are argued. The failure to argue the others constitutes a waiver of them. —Supreme Court Rule 9, 261 Ala. XXII.

See also Epperson v. Stacey, 266 Ala. 396, 96 So.2d 750.

None of the assignments complies with Supreme Court Rule 1, as revised on March 21, 1966, so as to require that "each assignment shall list the page or pages of the transcript of the record on which the ruling is recorded."

We note that appellant's suit against appellee was filed with the Circuit Clerk on March 29, 1966, and the suit of appellee against appellant was filed on May 10, 1966. Both suits were filed subsequent to our revision of Rule 1, supra. The appeal was taken on May 11, 1967, which was more than a year after the effective date of the revision. The transcript was filed in this court on October 13, 1967, and the cause submitted on December 15, 1967.

While it is true that the amended Rule, supra, does not appear in the Appendix, Title 7, Code 1940, or in the Cumulative Pocket Part to the Recompiled Code of 1958, it does appear in 279 Ala. XXIII. Reference to the revision was made by this court in the case of State v. Barnhill, 280 Ala. 574, 196 So.2d 691. This case was decided on February 23, 1967, which antedates the appeal in the instant case. Appellee's counsel was informed about the revised Rule and here contends for its enforcement.

We hold that the revision, supra, mandates that each assignment of error shall list the page or pages of the transcript on which the ruling is recorded, and that it has application to all appeals submitted after March 21, 1966.

We adhere to the mandate in the instant case and deny appellant's motion to be allowed to amend its Assignments 4, 6 and 7. Appellant having failed without sufficient excuse to comply with the revised Rule, the judgment of the trial court is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.