214 So.2d 310

**David W. PRUETT, Chairman of Colbert County Board of Revenue**

**v.**

**STATE of Alabama ex rel. COLBERT COUNTY et al.**

**8 Div. 234.**

Supreme Court of Alabama.

Sept. 19, 1968.

Jas. H. Tompkins, Tuscumbia, for appellant.

McDonnell & Jones and Wm. F. McDonnell, Sheffield, for appellees.

LIVINGSTON, Chief Justice.

This appeal is from a decree of the Circuit Court of Colbert County, Alabama, issuing a peremptory writ of mandamus against David W. Pruett, as Chairman of the Board of Revenue of Colbert County.

Colbert County, Alabama, is a body corporate under the laws of the State of Alabama and its governing body is the Board of Revenue of Colbert County, such governing body having been established by Act No. 131, General and Local Acts of Alabama 1949, Reg.Sess., p. 157.

At a regular meeting of the Board of Revenue held on April 5, 1965, the Board by unanimous vote determined that it was necessary to purchase a ditch-cleaning machine for use on county roads and ordered the Chairman of the Board, appellant here, to obtain bids for the sale to the county of such a machine. The chairman invited bids for the sale, as directed by the Board, and several bids were received. At the Board's regular meeting held on April 26, 1965, the several bids were opened and considered. The Board again considered and determined that the purchase of a ditch-cleaning machine was necessary and voted to accept the low bid. Appellant, as chairman, stated that he did not consider the purchase of the machine a necessity and that he would refuse to sign a check for the machine if it were purchased. It appears that appellant, as chairman, persisted in his position that the purchase of the machine was unnecessary and he repeatedly refused to issue a purchase order for the machine even though the use of a purchase order, signed by the Chairman of the Board, is the customary and proper procedure for purchases by the county.

At its regular meeting held on July 19, 1965, the Board adopted a resolution in which it ratified and confirmed its previous action determining the necessity of the machine purchase and accepting the lowest bid received. The resolution also stated as a matter of record that the Chairman of the Board had refused at previous meetings to take necessary action to purchase the machine in accordance with the Board's directions and command, and the resolution further determined that mandamus suit should be instituted against the Chairman of the Board to require him to take the necessary steps to purchase the machine, i. e., to issue a purchase order for the machine. The resolution also provided that if it became necessary to institute a mandamus suit, an attorney should be employed to represent the County and the Board, and the resolution also fixed and determined the amount of retainer fee to be paid to the attorney. After the Board adopted the resolution at its regular meeting on July 19, 1965, appellant Pruett continued to refuse to sign the purchase order for the purchase of the machine in question. It appears that the dispute concerns merely the propriety and wisdom of the determination of the need for such a machine by the county.

The petition for mandamus or rule nisi prayed that the court direct appellant Pruett, as Chairman of the Board of Colbert County, to execute and deliver to the low bidder a purchase order for the ditch-cleaning machine and further order Pruett to draw a warrant of the county in the amount of $500.00 in favor of the attorney of record for the appellees, and also command Pruett to sign and deliver to the low bidder a county check or warrant for the sum of $19,500, representing the purchase price of the said ditch-cleaning machine.

The judgment ordered the peremptory writ of mandamus to issue, and said writ commanded the appellant to issue and deliver to the low bidder the purchase order for the machine and to draw the check or warrant of the county in the sum of $500 to the appellee's attorney in payment of his retainer fee. The judgment and peremptory writ did not order the appellant to issue a check or warrant of the county to the low bidder in payment of the machine.

Appellant filed a motion to quash, a demurrer, and finally a motion for a new trial. The record does not disclose the entry of a judgment by the court overruling the motion of the appellant to quash the preliminary writ or rule nisi, nor do we find in the record an entry of judgment by the court overruling the appellant's demurrer to the petition for rule nisi. The only reference by the court to these pleadings in the record is a statement by the court that it was going to overrule the motion to quash and the demurrers. However, the motion for a new trial was overruled. This and other adverse rulings are assigned by the appellant as error.

There are fifteen assignments of error. All of them are argued in bulk with the

exception of assignment of error 15, which deals with the question of mootness which had its effect on January 1, 1966, when the maintenance and upkeep of county roads of Colbert County, Alabama, were turned over to the State of Alabama. Inasmuch as all the assignments are argued in bulk with the exception noted, and since the appellee raises the question, we must consider them according to existing decisions regarding such procedure.

The appellant's reply brief recites:

"The appellees, in their brief, contend that the assignments of error must list the page or pages of the transcript on which the ruling is recorded and that a general assignment of error will not be considered by the court. This may be true in some cases, but this Honorable Court, on a number of occasions, has held that where a judgment is assailed as erroneous in the whole, an assignment of error in general terms is acceptable. Stiles v. Lambert, 39 Ala.App. 15, 94 So.2d 784, Affirmed 266 Ala. 184, 94 So.2d 788; Murphy v. Pickle, 264 Ala. 362, 87 So.2d 844; Birmingham Electric Co. v. Ala. Public Service Comm., 254 Ala. 140, 47 So.2d 455; Southern Electric Generating Co. v. Lance, 269 Ala. 25, 110 So.2d 627.

It is true, as appellant points out, that where a judgment is assailed as erroneous as a whole, an assignment of error in general terms is acceptable. Stiles v. Lambert, supra. The cases cited, supra, however, do not support appellant's argument to the effect that it is all right to fail to list the page or pages of the transcript on which the adverse ruling is recorded. No such statement, direct or indirect, is found in the cases cited, nor in any case decided by this Court since the revision of Supreme Court Rules in March, 1965. As appellees point out, Supreme Court Rule 1 (Revised Rules, effective March 22, 1966, and applicable to this case) provides: "* * * and each assignment shall list the page or pages of the transcript of the record on which the ruling is recorded." Hence, it is within the province of this Court to refuse to examine any assignment which does not comply with Supreme Court Rules. We have, however, decided to overlook this omission because of the proximity of the filing of the transcript to the effective date of the rule revision.

Appellant further contends that it is perfectly permissible for him to argue his assignments of error in bulk because they are all kindred and related in that they attack the judgment of the lower court as a whole. Appellant reasons that since the assignments are predicated for the most part upon the single argument that the judgment is totally erroneous, the test is met, and the assignments are kindred and related. Such is not the law. To be kindred and related and, therefore, susceptible to being argued in bulk, assignments of error must not only be predicated upon a single argument, they must also be dependent upon the same legal principles. Hartford Fire Ins. Co. v. Clark, 258 Ala. 141, 61 So.2d 19. When assignments of error argued in bulk are not so related, i. e., based upon the same legal principles and predicated substantially upon a single argument, they are judged by the weakest assignment, and if one be without merit, the Court will not consider the others. Scroggins v. Ala. Gas Corp., 275 Ala. 650, 158 So.2d 90. When we examine the assignments argued in bulk by appellant, we find assignment 3 "that the court erred in overruling appellant's motion to quash the rule nisi" is in no way dependent upon the same legal principles as assignment 13 "that the court erred in requiring the appellant to sign and deliver to [low bidder] a so-called purchase order, because the evidence did not show that the appellant failed to perform any act required by law." We also find that assignment 3 is without merit because the trial court's action was correct with regard to the matter. By applying the aforementioned rule, as urged by the appellees, where assignments of error are argued in bulk and they are not kindred or related, if one is without merit, this Court will not consider the remaining

assignments so argued. Consequently, the only assignment remaining is the question of mootness raised by the appellant as earlier noted. Because there is a supersedeas appeal bond involved, with the question of the liability of the appellant and the sureties on this supersedeas appeal bond turning on the result of this appeal, the cause cannot be rendered moot. See Adams v. Riddle, 233 Ala. 96, 170 So. 343, 107 A.L.R. 657; Postal Telegraph-Cable Co. v. City of Montgomery, 193 Ala. 234, 69 So. 428.

There remaining nothing for this Court to consider, the decision of the lower court is due to be affirmed.

Affirmed.

SIMPSON, COLEMAN and KOHN, JJ., concur.