253 So.2d 333

Norman L. TARVER

v.

HOUSEHOLD FINANCE CORPORATION.

1 Div. 47.

Court of Civil Appeals of Alabama.

Sept. 8, 1971.

Rehearing Denied Oct. 6, 1971.

Fred F. Smith, Jr., Prichard, for appellant.

Perloff, Reid & Briskman, Mobile, for appellee.

BRADLEY, Judge.

The appeal in this case results from an adverse ruling on a suit filed by appellant against appellee in the Circuit Court of Mobile County seeking damages for wrongful garnishment.

The complaint filed in the Circuit Court was in two counts and alleged that appellee had wrongfully caused a writ of garnishment to be issued out of the Court of General Sessions of Mobile County and served on appellant's employer, all to his detriment. It was also alleged that appellee had sued for and obtained a judgment against appellant in the Court of General Sessions but before the garnishment was sued out, appellant had appealed said judgment to the Circuit Court and while the appeal was pending in the Circuit Court, appellee attempted to have the garnishment executed by levying on wages owed to him by his employer.

The demurrers to the complaint and as amended were sustained. From the adverse rulings on the pleadings, appellant took a non-suit, with leave to appeal. Appellant has appealed to this court, and as error has assigned the ruling on the demurrer to his amended complaint.

At least two grounds of the demurrer state that the complaint failed to allege the existence of an outstanding and unpaid judgment in the Court of General Sessions against appellant and in favor of appellee at the time the garnishment was issued out of said court.

The Court of General Sessions had awarded appellee a judgment in the amount of $750.00 based on a note made by appellant to appellee. From that judgment appellant appealed to the Circuit Court.

Appellant says that the appeal to the Circuit Court of Mobile County from a judgment of the Court of General Sessions shall be tried *de novo;* that the perfection of the appeal in the Circuit Court from the judgment of the Court of General Sessions has the effect of setting aside and vacating the General Sessions' judgment and placing the matter in the Circuit Court for the rendition of a new judgment. And, as a consequence, there was no subsisting judgment in the Court of General Sessions at the time the garnishment was sued out; hence, appellant says, the garnishment was wrongful.

Appellee counters by saying that the appellant failed to allege that a supersedeas bond had been filed in connection with the appeal, and says also, in brief, that: "An unsatisfied judgment is evidence of a demand against the judgment debtor, which will prima facie support a garnishment proceeding thereon," citing us to

Covington v. Robinson, 242 Ala. 337, 6 So.2d 421.

The Court of General Sessions of Mobile County was created by the Legislature of Alabama in 1956, by Act No. 40, Acts of Alabama 1956, Spec.Sess., p. 328. In Section 20 of said Act there is provided a procedure for appealing the judgments of the Court of General Sessions to the Circuit Court. The review in the Circuit Court is by trial de novo.

In 1961 the Legislature amended Section 20 of Act No. 40, supra, to provide:

"* * * the trial in the circuit court shall be de novo and shall conform to the procedure now fixed by law in appeals from courts of justices of the peace. * * *" Act No. 268, Acts of Alabama 1961, Spec.Sess., p. 2284.

The appeal bond provision of Act No. 40, supra, i. e., Section 21, was amended in 1966 to provide for a bond, "in an amount equal to the amount of such judgment and the costs of court." Act No. 367, Acts of Alabama 1966, Spec.Sess., p. 506.

The procedure for appeals from the courts of justices of the peace is contained in Title 13, Chapter 8, Article 6, Code of Alabama 1940, as Recompiled 1958. Section 477 of Title 13 provides for an appeal to the Circuit Court, and Section 484 of said Title provides that the review of such an appeal shall be by trial de novo.

In Abraham v. Alford, 64 Ala. 281, the Supreme Court had the following to say about appeals from justices of the peace courts:

"Appeals from judgments of a justice of the peace are triable *de novo,* upon their merits, without regard to the judgment of the justice. By the appeal, that judgment is vacated, and ceases to have any force or effect, either as an estoppel, or as a matter of evidence. Freeman on Judgments, Sec. 328. The judgment of the justice is not reversed, or affirmed; but a new, distinct, and independent judgment, as may be required by the merits shown on the trial, is rendered by the City or Circuit Court."

In Louisville & Nashville R. Co. v. Lancaster, 121 Ala. 471, 25 So. 733, the Supreme Court said that a trial de novo in the Circuit Court means that the case is tried there, "as if no trial had ever been had, and just as if it had originated in the circuit court."

The complaint states that an appeal from the judgment obtained by appellee in the Court of General Sessions was perfected to the Circuit Court prior to the suing out of the garnishment in the General Sessions Court. This being so, there was no valid, outstanding or subsisting judgment of the General Sessions Court on which to base the garnishment.

The appeal of the General Sessions' judgment to the Circuit Court vacated that judgment and placed the matter in the Circuit Court for a new trial and the rendition of a "distinct and independent judgment" by that court.

Once the appeal of the judgment of the General Sessions Court had been perfected to the Circuit Court, it was "as if no trial had ever been had," in the General Sessions Court, and as if the whole matter "had originated in the Circuit Court."

Whether an unsatisfied judgment will prima facie support a garnishment, or whether the averments of the complaint should have made some mention of a supersedeas is of no consequence with the case in its present posture.

■ At the time the garnishment was sued out of the Court of General Sessions, there was no outstanding judgment in that court in favor of appellee that would support a garnishment proceeding for the simple reason that the judgment being relied on had been vacated by the appeal of that judgment to the Circuit

Court. It was as if that judgment never existed.

The sustaining by the court of appellee's demurrer to appellant's amended complaint was prejudicial error for which this case must be reversed and remanded.

Reversed and remanded.

## On Rehearing

BRADLEY, Judge.

On application for rehearing, appellee says we erred in our decision of this case in two respects: (1) that we failed to consider appellee's contention that appellant had not complied with Rule 1, Supreme Court Rules, i. e., appellant's assignment of error referred to R–7 rather than to R–9 where the ruling of the trial court, the subject of this appeal, appeared in the record; and (2) that we had failed to give proper consideration to Section 19 of Act No. 40, Acts of Alabama, Special Session 1956, p. 328.

Appellee says in its application that Supreme Court Rule 1 requires that we dismiss the appeal in this case for the reason that the ruling of the trial court appears on R–9 rather than R–7 as stated by appellant.

The one assignment of error filed by appellant reads as follows:

"1. The Court committed error in sustaining the Appellee's (Defendant's) demurrers to the last amended complaint filed by the Appellant which appears at R–7."

The original complaint of appellant consisted of two counts. A demurrer was filed to the complaint and to each count. The trial court sustained the demurrer as to Count One and overruled it as to Count Two.

On motion this order was set aside and an order entered sustaining demurrer to Count Two of said complaint.

Thereupon, appellant amended the complaint so that it consisted of one count. Appellee refiled its demurrer to the amended complaint and the trial court's order sustaining the demurrer to the complaint as amended appears on R–9 and 10.

The appellant then filed a motion asking the trial court to reconsider its ruling on the demurrer, and this was overruled. This order appears on R–11.

The appellant took a non-suit due to the adverse rulings on the pleadings and the trial court granted the non-suit on the basis of the adverse rulings on the pleadings.

The Supreme Court in Brittain v. Ingram, 282 Ala. 158, 209 So.2d 653, said:

"* * * the Supreme Court Rules are directory and not jurisdictional and can therefore exercise its discretion in certain instances and consider some of the errors claimed by the appellant."

Also, it said in Pruett v. State ex rel. Colbert County, 283 Ala. 33, 214 So.2d 310, that:

"* * * As appellees point out, Supreme Court Rule 1 (Revised Rules, effective March 22, 1966, and applicable to this case) provides: ' * * * and each assignment shall list the page or pages of the transcript of the record on which the ruling is recorded.' Hence, it is within the province of this Court to refuse to examine any assignment which does not comply with Supreme Court Rules. We have, however, decided to overlook this omission because of the proximity of the filing of the transcript to the effective date of the rule revision."

We consider the discussion of the Rules by the Supreme Court in these two cases to mean that the Supreme Court has some discretion in enforcing the Rules, as demonstrated by its decision in *Pruett*, supra. In other words, it is not precluded from doing so, which gives it some discretion in the matter of enforcing the rules.

We considered the present case, so far as the Supreme Court Rules are concerned, to be one for the exercise of our discretion for the reason that it is obvious from reading the assignment of error that the appellant was complaining of the ruling on the demurrer to his amended complaint, which ruling appears on R–9 and 10, not R–7.

We consider the reference to the record page to be a typographical error. Furthermore, such error did not put us to any unduly burdensome search for the ruling which was claimed to be erroneous.

The assignment of error questions the ruling on the demurrer to the amended complaint. There was only one amendment to the complaint and the appellee refiled his demurrer to that amended complaint. It was sustained, and this is what prompted the non-suit, and the trial court so agreed.

Since we had no difficulty in finding the claimed error, we do not believe that the consideration of it placed us in the position of having violated the discretion reposed in us to consider such complained-of error.

The other issue raised by appellee in its rehearing application is that we failed to give proper effect to Section 19 of Act No. 40, supra.

Section 19 provides that the Court of General Sessions of Mobile County in the exercise of its civil jurisdiction shall be governed by the laws relating to justices of the peace so far as practice and procedure is concerned when applicable and when not otherwise provided by Act No. 40, supra.

Section 21 of Act No. 40, supra, provides that anyone appealing to the Circuit Court from a judgment of the Court of General Sessions shall file a bond with sureties approved by the clerk conditioned to pay the judgment and costs that may be rendered against him, except where there has been a money judgment, and then, the amount of the appeal bond shall be the amount of the judgment plus the costs of court.

It has been held that the jurisdiction of the Circuit Court in cases of appeals from justices of the peace courts is dependent on the statutes regulating such appeals. Canty v. Sims, 21 Ala.App. 469, 109 So. 373.

To perfect an appeal from the General Sessions Court, there would have to be a compliance with Section 21 of Act No. 40, supra.

It is stated in the complaint filed in the case at bar that an appeal from the garnishment judgment of the General Sessions Court was perfected to the Circuit Court. There is nothing in the record before us contradicting that allegation.

Appellee says by way of his demurrer that appellant did not allege in his complaint that he had filed a supersedeas bond. We do not see where a supersedeas bond was necessary. Section 21, supra, provides that for an appeal to be perfected from a money judgment, all that is necessary is that the appeal bond be in the amount of the judgment plus the costs of court. And it appears from the record before us that an appeal on the garnishment judgment was perfected from the General Sessions Court to the Circuit Court.

An appeal to the Circuit Court from the judgment of the General Sessions Court having been perfected, our statements relative to the effect of such an appeal in our original opinion stands.

For the reasons appearing herein, and in the original opinion, we are still of the opinion that this case must be reversed and remanded.

Opinion extended.

Application for rehearing overruled.