263 So.2d 146

**ATLANTIC AMERICAN LIFE INSUR-
ANCE COMPANY, a Corporation**

v.

**H. G. HAMILTON.**

**8 Div. 53.**

Court of Civil Appeals of Alabama.

March 29, 1972.

Rehearing Denied May 31, 1972.

Smith, Johnston, Walker & Morris and Nancy S. Gaines, Huntsville, for appellant.

Kenneth Shelton, Decatur, for appellee.

BRADLEY, Judge.

The appeal is from a judgment rendered against appellant by the Morgan County Court of Morgan County. The appellee was awarded a judgment of $154.80 pursuant to a policy of insurance issued by appellant.

There are sixteen assignments of error, all of which question the correctness of the trial court's judgment.

A careful examination of the record reveals that none of the assignments contains a record page reference as required by Rule 1 of the Supreme Court Rules.

Supreme Court Rule 1 provides, in part, as follows:

"... each assignment shall list the page or pages of the transcript of the record on which the ruling is recorded ...."

In Jones v. Miller, 282 Ala. 231, 210 So. 2d 793, the Supreme Court said:

"Appellant makes two assignments of error, neither of which complies with Supreme Court Rule 1, revised on March 21, 1966, and found in 279 Ala. XXIII. Rule 1 provides that 'each assignment shall list the page or pages of the transcript of the record on which the ruling is recorded.'

"This Court has held that the above-noted provision of Revised Rule 1 is mandatory. National Finance Co. v. Rowe, 281 Ala. 658, 207 So.2d 133. Therefore, we have no alternative but to affirm the judgment of the trial court."

In the *Jones* case the appellee had requested, by motion, that the judgment be affirmed for the failure of appellant to comply with Rule 1; whereas in the case at bar there was no request for affirmative relief.

Yet, in Wiggins, et al. v. Stapleton Baptist Church, 284 Ala. 174, 223 So.2d 519, the Supreme Court affirmed the judgment of the trial court where appellant failed to comply with Rule 1, even though there was no request for affirmative relief from appellee.

■ We conclude from *Wiggins* that Rule 1 is mandatory and must be observed by the court even in the absence of a request for affirmative relief.

In the case at bar appellant failed to place the page number of the record beside the assignments of error, which violates Rule 1.

Under these circumstances, as stated in *Jones*, supra, "we have no alternative but to affirm the judgment of the trial court."

Affirmed.

## ON REHEARING

BRADLEY, Judge.

In its application for rehearing appellant sets out three grounds for reversal of our decision rendered in this cause on March 29, 1972, and they are: (1) the decision to dismiss the appeal and affirm the judgment of the trial court for a violation of Supreme Court Rule 1 is erroneous; (2) it was not clear or certain that our affirmance of the trial court's judgment applied to all of the judgment or just to a portion thereof, and if to a portion, what portion; and (3) that the opinion of the court does not reflect that it was supported by a majority of the court.

As to ground one of the application, appellant says that Supreme Court Rule 1 is directory rather than mandatory and cites us to the cases of Pruett v. State ex rel. Colbert County, 283 Ala. 33, 214 So.2d 310; and Tarver v. Household Finance Corp., 47 Ala.App. 273, 253 So.2d 333.

As we understand the decision in *Pruett*, supra, which was a case involving the complete omission of page numbers beside the assignment of errors, the Supreme Court held that it was familiar with no prior decision saying that it was all right to omit page numbers showing where the error occurred, but because of the proximity of the filing of the transcript to the date of the revision of the Supreme Court Rules, it was going to overlook the omission of the page numbers. This case is the only exception to the mandatory requirement of Rule 1 that we have been cited to or that we have been able to find in the Alabama decisions.

In the case at bar we do not have a similar factual situation such as would warrant the application of *Pruett*, supra.

In the case of *Tarver*, supra, we also had a different factual situation, i. e., in *Tarver* there were page numbers beside the assignment of errors, but there had been a typographical mistake made in listing the correct page where the error appeared in the transcript.

In the case at bar there was a complete omission of transcript page numbers beside the assignment of errors, consequently, there is no similar factual situation with *Tarver*.

In the cases of Jones v. Miller, 282 Ala. 231, 210 So.2d 793, decided before *Pruett*, and Wiggins v. Stapleton Baptist Church,

284 Ala. 174, 223 So.2d 519, decided after *Pruett*, the Supreme Court in factual situations on all fours with the one at bar, i. e., no page numbers of the transcript citing wherein the errors occurred, held that the complete omission of transcript page numbers pointing out wherein the error occurred required the dismissal of the appeal and the affirmance of the trial court's judgment. To like effect is National Finance Co. v. Rowe, 281 Ala. 658, 207 So.2d 133.

In the cases of Jones v. City of Huntsville, 288 Ala. 242, 259 So.2d 288 and Berry v. City of Huntsville, 259 So.2d 276, we were advised that we were bound by the decisions of the Supreme Court and that we must follow them. It was also pointed out to us that should there be any doubt as to which one to follow, we were bound to abide by the latest pronouncement of said court.

Consequently, in view of the mandatory pronouncement set out in *Wiggins, Jones* and *National Finance Co.,* we consider ourselves bound to follow said decisions of our Supreme Court, and that we are without choice in the matter.

The second ground of the rehearing application contends that it is unclear as to whether our affirmance of the trial court's judgment applies to all or a part of the judgment, and if to a part, what part?

Our statement of the make-up of the judgment and whether the appeal was from the entire judgment or a portion thereof was confusing.

The judgment of the trial court shows that it found for appellee and against appellant under Paragraph "C" of the policy sued on in the amount of $154.80, and found for appellee and against appellant under Paragraph "B" in the amount of $150 per month for twelve months commencing on April 23, 1970, and $75.00 per month thereafter for not exceeding 120 months. Costs were taxed against appellant.

The appeal to this court was from the entire judgment of the trial court as set out above.

█ Upon the dismissal of the appeal and affirmance of the trial court's judgment, we affirmed the entire judgment of the trial court. We considered that we had no authority to do otherwise. Hence, the entire judgment of the trial court in this cause is affirmed.

█ Applicant's third ground asserts that the decision of the court is less than a majority of the court sitting on the case.

Since its inception this court has never rendered a decision that was not supported by a majority of the court. The only times that we have made known on the published opinions any deviation from this procedure is when there has been a dissent, a special concurrence, a recusal, or when a judge has not participated in the decision of the case.

Furthermore, the minutes of the court reflect that a majority of the court was sitting in judgment of the case when it was decided on March 29, 1972.

However, to eliminate any misunderstanding or doubt as to whether a decision of this court is a majority decision, henceforth the judges concurring in the opinion will be listed thereon.

Opinion extended.

Application for rehearing overruled.

WRIGHT, P. J., and HOLMES, J., concur.