266 So.2d 153

**Aubrey Dean CROWE**

v.

**Jean CROWE.**

**6 Div. 149.**

Court of Civil Appeals of Alabama.

July 12, 1972.

Motion to Set Aside Submission Denied
Aug. 30, 1972.

Jackie O. Isom, Hamilton, Shaw & Howlett and Keith W. Hazelwood, Clayton, Mo., for appellant.

Fite, Davis & Fite, Hamilton, for appellee.

BRADLEY, Judge.

This is an appeal from a final decree in equity rendered in the Circuit Court of Marion County, Alabama.

**488**

There are three assignments of error, and, as appellee has pointed out in his motion to affirm the decree of the trial court, none of them complies with Rule 1 of the Supreme Court Rules.

Rule 1 requires that " . . . each assignment shall list the page or pages of the transcript of the record on which the ruling is recorded."

The Supreme Court has decided that compliance with the cited portion of Rule 1 is mandatory. Wiggins et al. v. Stapleton Baptist Church, 284 Ala. 174, 223 So.2d 519; National Finance Company v. Rowe, 281 Ala. 658, 207 So.2d 133, and Jones v. Miller, 282 Ala. 231, 210 So.2d 793.

[3] This court is under a duty to follow the decisions of the Supreme Court of Alabama. Act No. 987, Acts of Alabama 1969, p. 1744; and Berry v. City of Huntsville, 288 Ala. 731, 259 So.2d 276.

The appellant having failed to comply with Supreme Court Rule 1, the decree of the trial court is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.

## ON MOTION TO SET ASIDE SUBMISSION

BRADLEY, Judge.

On original submission the decree in this case, on motion of appellee, was affirmed for appellant's failure to comply with Rule 1 of the Supreme Court Rules, in that none of the assignments of error were accompanied by the appropriate transcript page numbers.

Appellant now requests this court to set aside the affirmance and permit him to correct the transcript by inserting the appropriate transcript page numbers beside the assignments of error. In making such motion, appellant relies on Lindsey v. Barton, 260 Ala. 419, 70 So.2d 633.

In said case the Supreme Court, after originally dismissing same, set aside the dismissal and permitted the appellant to correct the transcript by inserting in the final judgment a paragraph that had been omitted when the transcript was being compiled. The case was then decided on its merits.

In the cited case the Supreme Court had before it a request to be permitted to supply an inadvertent omission in the judgment entry, and it, apparently, considered the matter discretionary.

In the present case compliance with Supreme Court Rule 1 so far as it pertains to the requirement that transcript page numbers appear beside the assignments of error, is deemed to be mandatory. See Supreme Court cases cited in original opinion.

Furthermore, since Rule 1 was adopted subsequent to the decision in Lindsey v. Barton, supra, it cannot be considered as precedent for the motion now before us.

There being no discretion reposed in this court, and, inasmuch as we are bound to follow the decisions of the Supreme Court, we are of the opinion that we have no alternative but to deny the motion.

Opinion extended.

Motion denied.

WRIGHT, P. J., and HOLMES, J., concur.