267 So.2d 174

**Bernice H. MAY**

**v.**

**Clarence E. MAY.**

**8 Div. 90.**

Court of Civil Appeals of Alabama.

Sept. 27, 1972.

Holt, McKenzie & Holt, Florence, for appellant.

Potts & Young, Florence, for appellee.

BRADLEY, Judge.

This appeal is from a decree of the Circuit Court of Lauderdale County, in Equity, modifying a final divorce decree by re-

ducing alimony and child support payments from $240.00 per month to $190.00 per month and directing that the father rather than the mother be permitted to claim the alimony and child support payments as a credit or deduction on his income tax returns.

The appellant had in 1968 obtained an uncontested divorce from appellee for his cruelty. The divorce decree incorporated an agreement of the parties wherein they agreed to the amount of alimony and child support and the disposition of certain real and personal property, along with custody of the minor child and visitation privileges.

In the latter part of 1971 the appellee petitioned the trial court for a modification of the former decree on the ground that the circumstances of the parties had changed materially since the divorce. After a trial the court modified the divorce decree by reducing the alimony and child support payments by $50.00 per month and decreeing that the husband should benefit taxwise from any allowed deductions for the alimony and child support payments.

After the case was appealed to this court and before submission, but after appellee's brief and motion to strike appellant's brief had been filed, appellant moved this court to permit her to amend her brief so as to comply with Rule 9(b), Supreme Court Rules. This court overruled appellant's motion to amend her brief.

There are six assignments of error filed in the record of this case. None of the six assignments contains transcript page numbers as required by Rule 1 of the Supreme Court Rules.

Appellee has filed a motion to strike appellant's brief and affirm the trial court's decree for that said brief fails to comply with Rule 9(b) of the Supreme Court Rules.

Rule 9 provides:

"Appellant's brief under separate headings shall contain: . . . (b) under the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the sub-stance clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; . . . ."

Appellant's brief does not contain a "Statement of the Facts" as required by Rule 9(b), supra. In fact, there is no statement of facts at all.

Three of appellant's assignments of error question the sufficiency of the evidence to sustain the decree rendered by the trial court. The Supreme Court has consistently held that in the absence of a narrative rendition of each witness' testimony in brief the sufficiency of the evidence to support the judgment or decree is not before it for review and will not be considered. Stewart v. Stewart, 284 Ala. 3, 221 So.2d 116; Ala.Digest, Appeal and Error, ⟨⟩766. Therefore, the assignment of error raising the sufficiency of the evidence to support the decree cannot be considered by this court.

The other three assignments of error cannot be considered, for they do not contain transcript page numbers beside them in the record of the case on appeal.

The Supreme Court has deemed compliance with Rule 1 of the Supreme Court Rules in this respect to be mandatory. Wiggins v. Stapleton Baptist Church, 284 Ala. 174, 223 So.2d 519; Jones v. Miller, 282 Ala. 231, 210 So.2d 793; National Finance Co. v. Rowe, 281 Ala. 658, 207 So.2d 133.

For the failure to comply with the mandatory requirements of the Supreme Court Rules, the decree of the trial court is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.